

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2006

# USA v. Cooper

Precedential or Non-Precedential: Precedential

Docket No. 05-1447

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Cooper" (2006). *2006 Decisions.* Paper 1505.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1505

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 05-1447

———————

UNITED STATES OF AMERICA

v.

LYDIA COOPER,
                              Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 03-cr-00333-3
(Honorable James M. Munley)

———————

Argued October 19, 2005

Before:  SCIRICA, *Chief Judge*,
VAN ANTWERPEN and ALDISERT, *Circuit Judges*

(Filed: February 14, 2006)

JAMES R. ELLIOTT, ESQUIRE (ARGUED)
902 West Lackawanna Avenue
Scranton, Pennsylvania 18504
        Attorney for Appellant

THEODORE B. SMITH, III, ESQUIRE (ARGUED)
Office of United States Attorney
220 Federal Building and Courthouse
228 Walnut Street, P.O. Box 11754
Harrisburg, Pennsylvania 17108

WILLIAM S. HOUSER, ESQUIRE
Office of United States Attorney
235 North Washington Avenue, Suite 311
P.O. Box 309
Scranton, Pennsylvania 18503
        Attorneys for Appellee

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Defendant Lydia Cooper contends her criminal sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Cooper also challenges the District Court's failure to depart downward under U.S.S.G. § 4A1.3. At

2

issue is the imposition of criminal sentences post-*Booker*. We will affirm.

## I.

On September 2, 2004, Cooper pleaded guilty to conspiracy to distribute and possess with intent to deliver cocaine base (crack) in violation of 21 U.S.C. § 846. Cooper had two prior convictions in 1989 — conspiracy to deliver .39 grams of cocaine and conspiracy to possess with intent to deliver 22 packets of cocaine. The District Court classified Cooper as a career offender, placing her at an offense level of 29 and a criminal history category of VI, or a guidelines range of 151 to 181 months.[1]

Cooper was sentenced on January 31, 2005, three weeks after the Supreme Court issued its opinion in *United States v. Booker*, which held that the federal sentencing guidelines are advisory. 125 S. Ct. at 764–65. After *Booker*, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id.* at 767. As before *Booker*, district courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a).[2] *Id.* at 764–65.

---

[1]Cooper objected to her classification as a career offender at sentencing, but does not challenge that classification here.

[2]Pre-guidelines sentences were based on the facts of the crime, the criminal history of the defendant, the defendant's

3

At sentencing, the District Court granted the government's motion for a reduction under U.S.S.G § 5K1.1 in light of her substantial assistance to the government. The court concluded Cooper's assistance warranted a seven-level departure, resulting in an advisory guidelines range of 84 to 105 months.

Cooper requested a further departure of one level under U.S.S.G. § 4A1.3, contending her assigned criminal history category significantly over-represented the seriousness of her actual criminal past. She asked the court to consider several facts, including the 15-year lapse between her predicate and prior offenses and the small amount of drugs involved in her prior crimes. Cooper pointed out she received relatively short, concurrent sentences for the prior offenses — 6 to 23 months incarceration and two years probation — and was paroled after serving the minimum sentence.

_____

personal characteristics, the applicable statutory law, and general penological goals and principles. These are all found in 18 U.S.C. §§ 3553(a)(1), (2), and (3). To this mix, Congress added sentencing guidelines (§ 3553(a)(4)) that were specific, detailed, quantitative, and mandatory. That the guidelines are now advisory provides some play in the joints of the sentencing scheme. Nonetheless, district judges are still asked to resolve the tension between broad principles, on the one hand, and highly specific guidelines, on the other. A broader sentencing guidelines regime would harmonize these two considerations.

4

The District Court denied Cooper's motion. The court noted the "seriousness" of Cooper's three drug trafficking crimes and found it significant that she committed the second of the two prior offenses while on bail for the first offense. Accordingly, the court found an additional departure was not warranted "under all of the circumstances."

Having determined the applicable advisory guidelines range, the court turned to Cooper's sentence. Cooper argued an 84-month sentence was appropriate in light of her previously asserted mitigating circumstances. The District Court rejected Cooper's argument and sentenced her to 105 months in prison. The court first listed the § 3553(a) factors, finding Cooper's sentence "satisfies the purposes set forth in 18 U.S.C. 3553(a)" and was "reasonable in light of these considerations." Addressing Cooper's request for a lighter sentence, the court stated:

> But the nature of the offense is so serious. This was a very serious drug trafficking business, which the Defendant was an integral part of it [sic], and I cannot ignore the effects of her involvement in this case on the public and all the users through the years. I don't feel, if I didn't impose a sentence that I intend to impose, I would be fulfilling my obligations as a Judge. . . .

> It is a serious offense. Let me tell you, you were part and parcel of it for a long period of time, and you were treated very well at the sentencing. I

think that the Government's motion was more than generous. I was convinced by Mr. Elliott [defense counsel] to keep it within that. I had full intentions of giving you more time here today.

## II.

## A.

In *United States v. Booker*, the Supreme Court directed appellate courts to review sentences for reasonableness, stating this review applied "across the board." 125 S. Ct. at 764–67 (noting the Sentencing Reform Act "continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range)"). According to the Court, our review is guided by the factors set forth in 18 U.S.C. § 3553(a), the same factors the Court directed district judges to consider when sentencing defendants under the advisory guidelines. *Id.* at 764–65.

We have jurisdiction to review Cooper's sentence for reasonableness under 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences "imposed in violation of law").[3] The

---

[3]18 U.S.C. § 3742(a) provides:

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--

> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range . . .; or
> (4) was imposed for an offense for which

6

Supreme Court did not explain the jurisdictional basis for the reasonableness review it mandated in *Booker*. We believe an unreasonable sentence is "imposed in violation of law" under 18 U.S.C. § 3742(a)(1).[4] *See United States v. Frokjer*, 415 F.3d

there is no sentencing guideline and is plainly unreasonable.

[4]Although we rely solely on 18 U.S.C. § 3742(a)(1) as the basis for our jurisdiction to review for reasonableness, we note there also might be jurisdiction under 28 U.S.C. § 1291. This Court has regularly taken jurisdiction over sentencing appeals under both statutes. *See, e.g., United States v. Graham*, 72 F.3d 352, 358 n.8 (3d Cir. 1995) ("[W]e believe our jurisdiction to review [defendant's] sentence lies pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) because [defendant] has alleged that his sentence was imposed in violation of law, that is, in violation of his constitutional rights."); *United States v. King*, 21 F.3d 1302, 1304 (3d Cir. 1994) ("We have jurisdiction over [defendant's] appeal from the district court's judgment of sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.").

Section 1291 provides: "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . ." Sentences imposed in a criminal case are "final decisions." *Berman v. United States*, 302 U.S. 211, 212–13 (1937); *United States v. Moskow*, 588 F.2d 882, 889 (3d Cir. 1978). Prior to the implementation of the Sentencing Reform Act of 1984 (SRA), § 1291 provided the basis for our review of sentences. *See Moskow*, 588 F.2d at 889 (finding jurisdiction under § 1291 to hear the appeal of a judgment of sentence entered after a guilty plea). Although this review was generally limited to "illegality or abuse of discretion," *see, e.g., United*

865, 875 n.3 (8th Cir. 2005) ("After *Booker*, . . . we will review a defendant's argument that even a sentence within the advisory guideline range is 'unreasonable' with regard to the factors set forth in 18 U.S.C. § 3553(a), and an unreasonable sentence

---

*States v. Fessler*, 453 F.2d 953, 954 (3d Cir. 1972), this practice was based not on a lack of jurisdiction, but on the wide discretion of sentencing courts which made reversal nearly impossible. *United States v. McAndrews*, 12 F.3d 273, 276–77 (1st Cir. 1993) ("[T]he theoretical possibility of an appeal had few practical consequences; since judges possessed extremely wide discretion and were not required to state reasons for imposing particular punishments, sentences were virtually unreviewable (so long as they fell within applicable statutory limits)."); *see also Koon v. United States*, 518 U.S. 81, 96 (1996) ("Before the Guidelines system, a federal criminal sentence within statutory limits was, *for all practical purposes*, not reviewable on appeal.") (emphasis added); *United States v. Ready*, 82 F.3d 551, 555 (2d Cir. 1996) (recognizing a pre-SRA right to appeal a sentence under § 1291, but noting the reviewable issues were limited); S. Rep. 98-225, at 150 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3333 ("The reason given for unavailability of appellate review of sentences under current law is the fact that sentencing judges have traditionally had almost absolute discretion to impose any sentence legally available in a particular case."). After the adoption of the SRA, judges no longer exercised near unfettered discretion. Therefore, the narrow pre-SRA review under a different sentencing regime may provide uncertain guidance. In any event, *Booker* states sentencing judges must "take account of the Guidelines together with other sentencing goals." 125 S. Ct. 738, 764 (2005).

would be imposed 'in violation of law' within the meaning of § 3742(a).") (citation omitted); *United States v. Martinez*, No. 05-12706, -- F.3d --, 2006 WL 39541, at *3 (11th Cir. Jan. 9, 2006) ("Although the Supreme Court in *Booker* did not identify which provision of § 3742(a) provided for appeals for 'unreasonableness,' we conclude that a post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1)."). Accordingly, we have jurisdiction under § 3742(a)(1) to review sentences for reasonableness.[5]

---

[5]Although only the Courts of Appeals for the Eighth and Eleventh Circuits have specifically addressed jurisdiction, *United States v. Frokjer*, 415 F.3d 865, 875 n.3 (8th Cir. 2005); *United States v. Martinez*, No. 05-12706, -- F.3d --, 2006 WL 39541, at *3 (11th Cir. Jan. 9, 2006), other courts similarly apply the reasonableness standard of review. *United States v. Benedetti*, 433 F.3d 111, 120 (1st Cir. 2005) (contemplating review of "all sentences imposed post-*Booker* . . . for reasonableness based on the factors enumerated in section 3553(a)"); *United States v. Crosby*, 397 F.3d 103, 114–16 (2d Cir. 2005) (describing appellate review of both within- and outside-guidelines sentences for reasonableness after *Booker*), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138, 142 (2d Cir. 2005); *United States v. Hughes*, 401 F.3d 540, 546–47 (4th Cir. 2005) (noting after *Booker*, district courts must consider the § 3553(a) factors and calculate the appropriate guidelines range, and the imposed sentence will be affirmed "as long as it is within the statutorily prescribed range . . . and is reasonable") (citations omitted); *United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir. 2005) (holding sentences will be

Our concurring colleague would hold *Booker* sets forth the standard of review only for the limited number of sentences reviewable under §§ 3742(a) and (b) pre-*Booker*, and concludes we do not have jurisdiction to review Cooper's sentence. He notes that in *United States v. Denardi*, 892 F.2d 269, 271–72 (3d Cir. 1989), we declined to hold a sentencing judge's inadequate consideration of the § 3553(a) factors "converts an unappealable exercise of discretion into an error of law that may be reviewed under § 3742(a)(1)." We based our decision in *Denardi* on a finding of Congressional intent to foreclose appellate review of discretionary decisions not to depart.

---

reviewed for reasonableness post-*Booker*, including those imposed "within a properly calculated Guideline range"); *United States v. McBride*, 434 F.3d 470, 476–77 (6th Cir. 2006) (holding the court would "review . . . a defendant's claim that his sentence is excessive based on the district court's unreasonable analysis of the section 3553(a) factors in their totality" based on "*Booker*'s mandate"); *United States v. Mykytiuk*, 415 F.3d 606, 607–08 (7th Cir. 2005) (holding *Booker* requires "that we measure each defendant's sentence against the factors set forth in § 3553(a)," including "those sentences that fall within a properly calculated Guidelines range"); *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (holding *Booker* "mandate[d]" review of "ultimate" sentences for reasonableness); *United States v. Morales-Chaires*, 430 F.3d 1124, 1128 (10th Cir. 2005) (applying the reasonableness standard to sentences imposed post-*Booker*); *United States v. Price*, 409 F.3d 436, 442 (D.C. Cir. 2005) ("Under *Booker*, we review the District Court's sentence to ensure that it is reasonable in light of the sentencing factors that Congress specified in 18 U.S.C. § 3553(a).").

10

*Denardi*, 892 F.2d at 271–72.  But in enacting §§ 3742(a)(1) and (b)(1), Congress could not have contemplated that the sentencing scheme it adopted would later be declared advisory. In light of the advisory sentencing guidelines scheme, we do not find an affirmative Congressional intent to foreclose reasonableness review, and accordingly we do not believe that our holding conflicts with *Denardi*.

### B.

To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors. *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).  The relevant factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

11

> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .

18 U.S.C. § 3553(a). The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. *See United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). The court need not discuss every argument made by a litigant if an argument is clearly without merit. *Cunningham*, 429 F.3d at 678. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. *Williams*, 425 F.3d at 480; *see United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (holding "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors"). Nor will we require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory.

On the other hand, a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises "a ground of recognized legal merit (provided it has a factual basis)" and the court fails to address it. *Cunningham*, 429 F.3d at 679. As the Court of Appeals for the Seventh Circuit explained, "we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion, that is, that he

12

considered the factors relevant to that exercise."[6] *Id.*; *cf. United States v. Johnson*, 388 F.3d 96, 101 (3d Cir. 2004) (holding "there is no way to review [a court's] exercise of discretion" if it "does not articulate the reasons underlying its decision" and the court's reasons "are not otherwise apparent from the record") (quoting *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 180–81 (3d Cir. 2000)).

At least one court has held a sentencing judge is presumed to have considered all of the § 3553(a) factors if a sentence is imposed within the applicable guidelines range. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). We decline to follow this approach. Although a within-guidelines sentence demonstrates the court considered one of the § 3553(a) factors — namely, the guidelines range itself, 18 U.S.C. § 3553(a)(4) — it does not show the court considered the other standards reflected in that section, assuming they were raised.

In consideration of the § 3553(a) factors, a trial court must calculate the correct guidelines range applicable to a defendant's particular circumstances. 18 U.S.C. § 3553(a)(4); *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005) (citing *United States v. Crosby*, 397 F.3d 103, 111–12 (2nd Cir. 2005)). As before *Booker*, the standard of proof under the guidelines for sentencing facts continues to be preponderance of

---

[6]On this issue, we disagree with the decision of the Court of Appeals for the Eleventh Circuit in *United States v. Scott*, where the court held a district court's statement that it considered both the defendant's arguments and the § 3553(a) factors at sentencing is by itself sufficient for *Booker* purposes. 426 F.3d 1324, 1329–30 (11th Cir. 2005); *see also United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

the evidence.[7] *See United States v. Mack*, 229 F.3d 226, 232–35 (3d Cir. 2000); *see also Mares*, 402 F.3d at 519 (holding sentencing facts need only be determined by a preponderance of the evidence after *Booker*); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (same).

In addition to ensuring a trial court considered the § 3553(a) factors, we must also ascertain whether those factors were reasonably applied to the circumstances of the case. In doing so, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case.[8] *See United States v. Bennett*, 161 F.3d 171, 196 (3d Cir. 1998) (recognizing a district court's decision not to adjust a sentence is entitled to "great deference" because "the sentencing judge is in a unique

---

[7]We do not address here the standard of proof for finding a separate crime under relevant law.

[8]We are well aware that sentencing judges normally state and resolve sentencing issues from the bench while sentencing proceeding is underway. As we have previously observed, "'[d]istrict judges normally deliver their decisions on sentencing from the bench, just after, and sometimes in the course of, the presentation of numerous arguments and even evidence as to the permissible range and proper sentence. These often spontaneous remarks are addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of all of the surrounding law.'" *Rios v. Wiley*, 201 F.3d 257, 268 (3d Cir. 2000) (quoting *United States v. Saldana*, 109 F.3d 100, 104 (1st Cir. 1997)). Although *Rios* was superseded by statute on other grounds, *see United States v. Saintville*, 218 F.3d 246, 249 (3d Cir. 2000), our observation was not affected.

14

position to evaluate a defendant's acceptance of responsibility") (quotations omitted); *Marshall v. Lansing*, 839 F.2d 933, 948 (3d Cir. 1988) (observing that district courts have historically been given broad discretion in imposing the proper sentence in criminal trials). Under such circumstances, deference should be given. As the Court of Appeals for the Seventh Circuit recently held,

> [t]he question is not how we ourselves would have resolved the factors identified as relevant by section 3553(a) . . . nor what sentence we ourselves ultimately might have decided to impose on the defendant. We are not sentencing judges. Rather, what we must decide is whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a).

*Williams*, 425 F.3d at 481.[9]

---

[9]The standards of review set forth here — including the recognition of a district court's broad discretion and the requirement that a court actually exercise that discretion — are not unique to sentencing decisions. These standards are applied whenever we review decisions committed to the discretion of another entity, including when we review the admissibility of evidence in criminal cases, *see*, *e.g.*, *United States v. Johnson*, 388 F.3d 96, 101 (3d Cir. 2004) (reviewing the admission of prior conviction evidence for abuse of discretion but finding error when the trial court failed to consider the admissibility of the evidence under Fed. R. Evid. 609(a)(1)), orders on civil discovery motions, *see*, *e.g.*, *Stich v. United States*, 730 F.2d 115, 117–18 (3d Cir. 1984) ("The substantial discretion granted

While we review for reasonableness whether a sentence lies within or outside the applicable guidelines range, *see Booker*, 125 S. Ct. at 765, 766 (noting appellate courts will apply the reasonableness standard "across the board" and "irrespective of whether the trial judge sentences within or outside the Guidelines range"), it is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be unreasonable. The advisory guidelines range is itself one of the § 3553(a) factors, 18 U.S.C. § 3553(a)(4), and continues to play an integral part in sentencing decisions. *Booker*, 125 S. Ct. at 767. In *Booker*, the Court explicitly directed district courts to continue to "take account of the Guidelines together with other sentencing goals." *Id.* at 764. "The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country," *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and provide a natural starting point for the determination of the appropriate level of punishment for criminal conduct.[10] *See United States*

_____

to trial courts on discovery motions should not be lightly disturbed, even if the reviewing court's notions of fairness would have led it to a different result.") (citation omitted), and agency actions, *see*, *e.g.*, *NRDC v. EPA*, 790 F.2d 289, 297 (3d Cir. 1986) (holding an agency's "decision [must be] based on a consideration of the relevant factors") (quotation omitted); *Harberson v. NLRB*, 810 F.2d 977, 984 (10th Cir. 1987) ("It is an elementary principle of administrative law that an administrative agency must provide reasons for its decisions.").

[10]The federal sentencing guidelines represent the collective determination of three governmental bodies — Congress, the Judiciary, and the Sentencing Commission — as to the appropriate punishments for a wide range of criminal conduct.

16

*v. Talley*, 431 F.3d 784, 787–88 (11th Cir. 2005) (discussing the "central" role of the guidelines after *Booker*). The § 3553(a) factors were intended to guide the Sentencing Commission in its formulation of sentencing guidelines, 28 U.S.C. §§ 991(b)(1)(A), 994(b), (g), (m); *United States v. Frank*, 864 F.2d 992, 1011 (3d Cir. 1988); *Scott*, 426 F.3d at 1330 n.5.

Although a within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range, a within-guidelines sentence is not necessarily reasonable *per se*. Otherwise, as several Courts of Appeals have concluded, we would come close to restoring the mandatory nature of the guidelines excised in *Booker*. *See Crosby*, 397 F.3d at 115 ("Indeed, such *per se* rules would risk being invalidated as contrary to the Supreme Court's holding in *Booker/Fanfan*, because they would effectively re-institute mandatory adherence to the Guidelines."); *United States v. Webb*, 403 F.3d 373, 385 n.9 (6th Cir. 2005) (same); *Mykytiuk,*

*See* S. Rep. 98-225, at 39 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3222 (declaring Congress's intent to "assure that sentences are fair both to the offender and to society, and that such fairness is reflected both in the individual case and in the pattern of sentences in all federal criminal cases"); S. Rep. 98-225, at 151 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3334 (anticipating that case law developed from appellate review of outside-guidelines sentences "will assist the Sentencing Commission in refining the sentencing guidelines as the need arises"); *see also United States v. Mykytiuk,* 415 F.3d 606, 607 (7th Cir. 2005) ("The Sentencing Guidelines represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses.").

17

415 F.3d at 607 (same); *Talley*, 431 F.3d at 787 (same). Nor do we find it necessary, as did the Court of Appeals for the Seventh Circuit in *United States v. Mykytiuk*, to adopt a rebuttable presumption of reasonableness for within-guidelines sentences. *See Mykytiuk*, 415 F.3d at 608. Appellants already bear the burden of proving the unreasonableness of sentences on appeal. *See Tally*, 431 F.3d at 788 ("[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a).").

To sum up, appellants have the burden of demonstrating unreasonableness. A sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range. There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record.

## C.

In this case, the District Court imposed a sentence at the highest end of the guidelines range, 105 months. Cooper has not met her burden on appeal of proving the sentence was unreasonable.[11] The court addressed the § 3553(a) factors and

---

[11]We note the Seventh Circuit's observation that "reasonableness is a range, not a point." *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). "If the judge could, without abusing his discretion, have ruled in the defendant's favor, the defendant is entitled to insist that the judge exercise discretion, though he cannot complain if the exercise goes against him." *Id.*

found "that the sentence to be imposed is reasonable in light of these considerations." More importantly, the District Court appropriately addressed Cooper's argument that her sentence was excessive considering her minimal criminal history compared to those of other, similarly sentenced defendants. The court rejected this contention, citing the serious nature of Cooper's crimes, the effect of her conduct on the public, and that she was "treated well" at her prior sentencing hearing. It is reasonable to conclude that her criminal history category correctly reflected the actual seriousness of her conduct.

Taken as a whole, the record shows the court adequately considered the § 3553(a) factors and reasonably applied them to the circumstances presented in Cooper's particular case. We find the District Court's judgment was reasonable under *Booker*.

## III.

Cooper also contends the District Court erred when it failed to grant her motion to depart downward. She again argues her criminal history category over-represented the seriousness of her past crimes. Pre-*Booker*, we declined to review discretionary decisions to deny departure, unless for allegation of legal error, *United States v. Ruiz,* 536 U.S. 622, 626–28 (2002); *Denardi*, 892 F.2d at 271–72, nor did we review appeals by defendants challenging the extent of a downward departure, *United States v. Khalil*, 132 F.3d 897, 898 (3d Cir. 1997) (citing *United States v. Parker*, 902 F.2d 221, 222 (3d Cir.1990)); *accord United States v. Vizcarra-Angulo*, 904 F.2d 22, 22–23 (9th Cir. 1990) (finding no jurisdiction where the district court departed downward for government assistance but did not further depart in consideration of defendant's assertion that he was "functionally illiterate, unsophisticated, and was victimized by his coconspirators").

19

The foundation for these holdings lay in our conclusion that 18 U.S.C. §§ 3742(a) and (b) reflect Congress's intent to foreclose review of a sentencing court's decision not to depart. *See Denardi*, 892 F.2d at 271–72 ("The portion of the statute providing for appeals by a defendant (18 U.S.C. § 3742) simply does not authorize" an appeal from a discretionary refusal not to depart.) (footnote omitted); *Parker*, 902 F.2d at 222 ("The circumstances in which a defendant may appeal a sentence are set forth in 18 U.S.C. § 3742(a) and do not include situations in which a defendant is seeking an enhanced downward departure."); S. Rep. 98-225, at 150 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3333 ("This section establishes a limited practice of appellate review of sentences in the federal criminal justice system, . . . by confining it to [the situations enumerated in §§ 3742(a) and (b)]."). The Supreme Court has concurred. *Ruiz*, 536 U.S. at 626–28.

We conclude the Supreme Court's decision in *Booker* does not compel us to reverse this precedent. In its remedial opinion in *Booker*, the Court excised § 3742(e) and § 3553(b) from the federal sentencing guidelines. 125 S. Ct. at 764. The former provision established standards of review in sentencing appeals, while the latter made the federal guidelines mandatory. But the Court explicitly left intact §§ 3742(a) and (b). *Id.* at 765 (citing the existence of §§ 3742(a) and (b) to support its holding that the Sentencing Reform Act "continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range)"). Nothing in *Booker* addresses or overrules the Court's precedent in *Ruiz*, which recognized the limitations effected by §§ 3742(a) and (b) on a defendant's right to appeal decisions not to depart. *Ruiz*, 536 U.S. at 626–28. We follow the Courts of Appeals for the First, Sixth, Eighth, Tenth, and Eleventh Circuits in

20

declining to review, after *Booker*, a district court's decision to deny departure. *See United States v. Burdi*, 414 F.3d 216, 220 (1st Cir. 2005) (finding no jurisdiction to review a decision not to depart after *Booker*); *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (same); *United States v. Frokjer*, 415 F.3d 865, 874–75 (8th Cir. 2005) ("[W]e see no reason why *Booker* — which left intact §§ 3742(a) and (b) — should alter our rule that a district court's discretionary decision not to depart downward is unreviewable."); *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005) (declining to review decisions not to depart after *Booker*); *United States v. Winingear*, 422 F.3d 1241, 1245–46 (11th Cir. 2005) (same).

IV.

The judgment of sentence will be affirmed.

ALDISERT, Circuit Judge, Concurring and Dissenting.

I am pleased to join in Parts I and III of the majority opinion. I am also able to join those portions of Part II.B & C in which the majority discusses how a district court should apply the Sentencing Guidelines in conjunction with the factors listed at 18 U.S.C. § 3553(a) and the standard of proof that a sentencing judge should apply to sentencing facts. But I do not

21

agree that we have jurisdiction under 18 U.S.C. § 3742(a)(1)[12] to review Cooper's argument that the sentence imposed by the District Court was unreasonable.

It is beyond peradventure that Cooper's three substantive contentions – (1) that the court erred in denying her request for a downward departure;[13] (2) that the court did not adequately

---

[12] 18 U.S.C. § 3742(a) provides as follows:

Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

  (1)   was imposed in violation of law;
  (2)   was imposed as a result of an incorrect application of the sentencing guidelines; or
  (3)   is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
  (4)   was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

[13] I am in total agreement with the majority's disposition in Part III of Cooper's appeal of a denial of her motion to depart from the Guidelines' recommended sentence. It is a cornerstone of our § 3742(a) jurisprudence that we do not have jurisdiction

22

consider the § 3553(a) factors in conjunction with the advisory Guidelines; and (3) that the sentence imposed by the court was unreasonable under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) – do not implicate subsections (2), (3) and (4) of § 3742(a). Thus, I agree that for this Court to have jurisdiction to decide this appeal jurisdiction must lie in subsection (1) of § 3742(a) on the theory that the sentence was "imposed in violation of law."

My view regarding our jurisdiction under § 3742(a)(1) to review a sentence within the Guidelines range can be succinctly stated: (1) Booker did not expand the scope of our jurisdiction; (2) the phrase "in violation of law," as used in § 3742(a)(1), is to be construed narrowly to encompass only demonstrable constitutional or statutory violations, such as the denial of a procedural right; (3) that a sentence may be unreasonable does not mean that it was "imposed in violation of law" under § 3742(a)(1); and (4) accordingly, we only review for reasonableness if we otherwise have jurisdiction under § 3742(a).

The majority disagrees. It concludes that we have jurisdiction to determine whether Cooper's sentence is unreasonable because any sentence that is unreasonable is "imposed in violation of law" under § 3742(a)(1). This expansive interpretation is plainly contrary to Congress' intent in promulgating § 3742(a)(1), ignores fundamental canons of statutory construction, and flies in the face of what this Court held in Denardi, 892 F.2d at 271-272.

---

to review a district court's decision not to depart. See United States v. Denardi, 892 F.2d 269, 271-272 (3d Cir. 1989).

The majority's reasoning that the Supreme Court "mandated" appellate review in <u>Booker</u> is belied by the fact that <u>Booker</u> did not discuss jurisdiction at all. Indeed, the Court expressly declared that all portions of the Sentencing Reform Act of 1984 ("SRA"), with the exception of two excised provisions, remain intact. <u>Booker</u>, 125 S. Ct. at 764. Properly read, <u>Booker</u> merely set forth a *standard of review* to apply for sentencing appeals over which we otherwise have jurisdiction under § 3742(a). Because I refuse to conflate our *jurisdiction* with our *standard of review*, I respectfully dissent.

I.

I begin my analysis with a statement of agreement with the government's summation of the law set forth in the following dialogue at oral argument:

> GOVERNMENT: [U]nder the rubric of "imposed in violation of law," I think what we're looking at is [a sentence imposed] above the statutory maximum, or somehow structurally imposed in violation of the law.
>
> I think there are things a judge could do in imposing a sentence that would make it imposed in violation of the law, for instance, the Constitution of the United States, even though the sentence was ultimately within the guidelines range.
>
> So I'm not suggesting that the process has absolutely no part here. But I think it's a very limited standard of review.

24

THE COURT: So unreasonableness, in terms of the length of sentence, would never come to the point where it could cross the line into violation of law, that standing alone, assuming the guidelines are proper and it's within the statutory maximum?

GOVERNMENT: I agree

THE COURT: You feel that could not happen?

GOVERNMENT: That could not happen. Unreasonableness is a standard of review. It is not a statutory basis for the appeal and couldn't be. The Supreme Court did not say one word about jurisdiction . . . in Booker. It talked about a standard of review.

THE COURT: But Booker contemplated that reasonableness could be reviewed, didn't it?

GOVERNMENT: No, Booker contemplated that if a court of appeals has jurisdiction to review a sentence, it would review it for reasonableness.

Oral Arg. Trans. at 27-29.

To support my agreement with the government, it now becomes necessary to address the fundamentals of appellate review of sentencing.

A.

25

No constitutional right of appeal exists; the right to appeal is based on statute alone.  <u>Abney v. United States</u>, 431 U.S. 651, 656 (1977); <u>see also</u> <u>McKane v. Durston</u>, 153 U.S. 684, 687 (1894) ("A review by an appellate court on the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law, and is not now, a necessary element of due process of law.").  Appeals as of right in criminal cases were not permitted until 1889, and even then this statutory right was limited to cases where the sentence provided by law was death.  <u>Abney</u>, 431 U.S. at 656 n.3.  It was not until 1911 that Congress created a general right of appeal for criminal defendants.  <u>Id.</u>

In 1984, Congress passed the Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, §§ 211-238, 98 Stat. 1987 (1984).  The SRA instituted a complete overhaul of the sentencing process, establishing comprehensive sentencing guidelines with the goal of creating uniformity and fairness in sentencing.  As discussed above, the SRA provided several limited bases for appellate review of sentences.  <u>See</u> 18 U.S.C. § 3742(a).  Congress never intended to provide for unlimited review of sentencing decisions.  S. Rep. 98-225, at 154 (1983), <u>as reprinted in</u> 1984 U.S.C.C.A.N. 3182, 3337 ("The Guidelines, therefore, provide a practical basis for distinguishing the cases where review is not needed from those where appeal would most likely be frivolous."); <u>see also</u> <u>id.</u> at 149, 1984 U.S.C.C.A.N. at 3332 (stating that § 3742 establishes "a limited practice of appellate review of sentences").

B.

26

In <u>Booker</u>, the Court excised two sections from the SRA as violative of the Sixth Amendment.[14] It voided both 18 U.S.C. § 3553(b), which makes the Guidelines mandatory, and § 3742(e), which lays out the standards of review for the Courts of Appeals. <u>Booker</u>, 125 S. Ct. at 764. By excising these portions of the SRA, the Court (1) made the Guidelines advisory and (2) replaced the standard of review provisions with an implied one for "reasonableness," a standard "consistent with the appellate sentencing practice during the last two decades." <u>Id.</u> at 764-766.

The Court made it unmistakably clear, however, that all other provisions of the SRA, including § 3742(a), remain untouched. <u>Id.</u> at 765 ("[T]he act continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in

---

[14] The Court excised the provisions by stating:

> Application of these criteria indicates that we must sever and excise two specific statutory provisions: the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure), <u>see</u> 18 U.S.C. § 3553(b)(1) (Supp. 2004), and the provision that sets forth standards of review on appeal, including *de novo* review of departures from applicable Guidelines range, <u>see</u> § 3742 (e) (main ed. and Supp. 2004).

<u>Booker</u>, 125 S. Ct. at 764.

27

the exercise of his discretionary power under § 3553(a)). See § 3742(a) (main ed.) (appeal by defendant); § 3742(b) (appeal by Government)."); id at 764 (instructing that "the remainder of the [SRA] 'functions independently'"). The Court noted that the "features of the *remaining* system, while not the system Congress enacted, nonetheless continue to move sentencing in Congress' preferred direction." Id. at 767 (emphasis added). Based on this clear directive, I conclude that although §§ 3553(b) & 3742(e) will no longer be followed, Booker did nothing to expand our jurisdiction under § 3742(a)(1)–(4).

C.

Although the Booker majority did not discuss the meaning of "in violation of law," as used at § 3742(a)(1), Justice Scalia examined it at length in his dissent, without refutation from the majority. Justice Scalia discussed the late, lamented § 3742(e)(1), in which the statutory language, "imposed in violation of law," tracks word-for-word the identical language of § 3742(a)(1) – the very provision at issue here: "[Section 3742](e)(1) requires a court of appeals to determine whether a sentence 'was imposed in violation of law.' *Courts of appeals had of course always done this.*" Booker, 125 S. Ct. at 791 n.5 (Scalia, J., dissenting) (emphasis added; citation omitted).

Justice Scalia then explained that "[b]efore the Guidelines, federal appellate courts had little experience reviewing sentences for anything but legal error," and that "'well established doctrine . . . bars [appellate] review of the exercise of sentencing discretion'" Id. at 791-792 (quoting Dorszynski v. United States, 418 U.S. 424, 443 (1974)). He then analyzed several Supreme Court decisions that limited

28

appellate review to those sentences imposed outside the statutorily prescribed range. Id. at 792.

I read Justice Scalia's dissent to suggest that the provision at issue today, § 3742(a)(1), merely codified the jurisprudence that existed prior to the adoption of the SRA. Under this jurisprudence, "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." Dorszynski, 418 U.S. at 431-432; see United States v. Adams, 759 F.2d 1099, 1112 (3d Cir. 1985) ("Generally, if the sentence falls within the statutory maximum, the matter is not reviewable on appeal."); United States v. Felder, 706 F.2d 135, 137 (3d Cir. 1983) ("If a sentence is within the statutory limitation and there is no defect in the sentencing procedure, we do not interfere with the trial court's discretion as to the sentence imposed."). Accordingly, the majority's insistence that unreasonableness triggers our appellate jurisdiction runs counter to the Court's teaching in Dorszynski and the specific holdings of this Court in Adams and Felder.

To be sure, Justice Scalia's analysis is set forth in a dissenting opinion, but it nonetheless embodies the jurisprudence of several Courts of Appeals, including our own. See United States v. Colon, 884 F.2d 1550, 1555 (2d Cir. 1989) ("Congress's failure to provide appellate review of sentences within the Guidelines correctly calculated was thus a conscious decision consistent with its overall purpose."); Denardi, 892 F.2d 269, 271 (3d Cir. 1989) (holding that "[t]he persuasive analysis of [Colon] supports our conclusion" that § 3742(a)(1) does not encompass all arguable claims of error in sentencing). It must be noted that the Booker majority kept intact all the provisions of § 3742(a) and did not suggest or imply that in

29

enacting the SRA Congress intended any interpretation of the § 3742(a)(1) jurisdictional exhortation, "imposed in violation of law," that would expand jurisdiction under this phrase beyond that which existed prior to the SRA's adoption. See United States v. Hahn, 359 F.3d 1315, 1321 n.6 (10th Cir. 2004) ("[Section] 3742(a)(1) manifests the congressional intent to codify pre-1984 jurisdiction over sentencing appeals."). To the contrary, the polestar of the Court's opinion in Booker is an insistence, time and again, that, subject to constitutional constraints, we must pay inerrant and unfailing fealty to the intent of Congress when interpreting the SRA.[15]

## II.

---

[15] "[W]e must retain those portions of the [SRA] that are (1) constitutionally valid, (2) capable of 'functioning independently,' and (3) *consistent with Congress' basic objectives* in enacting the statute." Booker, 125 S. Ct. at 764 (emphasis added; citations omitted). "[W]e have examined the statute in depth *to determine Congress' likely intent* in light of today's holding." Id. at 767-768 (emphasis removed and added). "We believe our inference [of reasonableness review to be] a fair one linguistically, and one *consistent with Congress' intent* to provide appellate review." Id. at 766 (emphasis added). "[These modifications are] more consistent with *Congress' likely intent* in enacting the Sentencing Reform Act (1) to preserve important elements of that system while severing and excising two provisions (§§ 3553(b)(1) and 3742(e)) than (2) to maintain all provisions of the Act and engraft today's constitutional requirement onto that statutory scheme." Id. at 768 (emphasis added).

"It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001) (quotation omitted). Applying this canon in United States v. Colon, the Second Circuit explained why § 3742(a)(1) cannot be read to encompass all arguable claims of error in sentencing:

> Our examination of [the] claim begins with Section 3742(a)(1), which provides for appeals based on claims by a defendant that a sentence is "in violation of law." This Subsection could of course be read broadly to allow appeals based on any arguable claim of error in sentencing, including a claim that a particular sentence is unreasonably high or low. *That reading, however, would make nonsense of Section 3742 by rendering its other subsections utterly superfluous.* Congress hardly needed to add subsections authorizing appeals that claim an incorrect application of the Guidelines, that challenge sentences outside the Guidelines, or that question the reasonableness of sentences for offenses not governed by the Guidelines, if Subsection (a)(1) authorizes appeals of all sentences based on any arguable claim of error. The structure and relationship of the various subsections of Section 3742 thus indicate that, as the Senate Report states, Congress intended to provide only "a limited practice of appellate review of sentences." S. Rep. No. 225, 98th Cong., 2nd Sess. 149 (1983), reprinted in 1984

31

U.S. Code Cong. & Admin. News 3182, 3332 (hereinafter S. Rep. No. 225). Because a broad reading of Section 3742(a)(1) is untenable, the only sensible view of that provision is that it was largely intended to ensure that the appellate review previously available for claims that a sentence was in excess of the statutory maximum, was based on impermissible considerations, or was the result of some other demonstrable error of law, cf. United States v. Russell, 870 F.2d 18 (lst Cir. 1989) (sentencing judge may have been unaware of power to depart from Guidelines), would be retained.

Colon, 884 F.2d at 1553 (emphasis added).

In Denardi, this Court agreed with the Second Circuit and stated that we do not accept a reading of § 3742(a)(1) that renders the other subsections "largely superfluous." Denardi, 892 F.2d at 272. Speaking through Judge Seitz, we said:

[W]e do not believe that 18 U.S.C. § 3553(b), (permitting a deviation from the guidelines under certain circumstances), when read with § 3553(a) (factors to be considered in imposing a sentence) converts an unappealable exercise of discretion into an error of law that may be reviewed under § 3742(a)(1) in some amorphous circumstances. If such a result is desirable, it is for Congress to say so.

We conclude that § 3742(a) does not authorize an appeal in the present circumstances. The

32

persuasive analysis of United States v. Colon, 884 F.2d 1550 (2d Cir. 1989) supports our conclusion.

Denardi, 892 F.2d at 272.

This interpretation has echoed beyond the Courts of Appeals for the Third and Second Circuits. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990) ("18 U.S.C. § 3742(a) also does not provide for appellate review of a sentencing court's discretion in setting a sentence anywhere within a properly calculated sentencing range."); United States v. Guerrero, 894 F.2d 261, 267 (7th Cir. 1990); United States v. Garcia, 919 F.2d 1478, 1482 (10th Cir. 1990). Moreover, in subsequent cases we have re-affirmed our position stated in Denardi. For example, in United States v. Torres, we said that "where the sentence was lawfully imposed and is within the applicable Guideline range, we lack jurisdiction to review the sentence." 251 F.3d 138, 151-152 (3d Cir. 2001) (citing United States v. Graham, 72 F.3d 352, 358 n.8 (3d Cir. 1995)).

Although couched in a discussion of appellate jurisdiction to review a district court's failure to downward depart, Denardi and Colon stand for the straightforward proposition that § 3742(a)(1) cannot be read in a manner that renders superfluous the other subsections of § 3742(a). The majority ignores this principle by converting "any arguable claim of error in sentencing, including a claim that a particular sentence is unreasonably high or low," Colon, 884 F.2d at 1553, into a violation of law for purposes of § 3742(a)(1).[16]

---

[16] The majority even recognizes that its holding is in tension with Denardi. Maj. Op. at 10-11. It also hints that we can no

33

III.

The majority implies that, in <u>Booker</u>, the Supreme Court promulgated new substantive law both by altering the plain language of § 3742(a) and by transmogrifying the "review for

_____

longer rely, as we did in <u>Denardi</u>, upon Congress' intent in enacting § 3742(a)(1). <u>See</u> <u>id.</u> at 11 ("[I]n enacting §§ 3742 (a)(1) and (b)(1), Congress could not have contemplated that the sentencing scheme it adopted would later be declared advisory."). I cannot agree. Congress' inability to anticipate that the Guidelines would later be declared advisory because of constitutional concerns does not give any court the power and authority to ignore the original intent of Congress and to adopt a court-manufactured alteration of that original intent. This Court cannot say that the intent of Congress as expressed in enacting the SRA in 1984, and as interpreted in 1989, the year <u>Denardi</u> was handed down, somehow becomes something different in 2006 simply because <u>Booker</u> declared a portion of the sentencing Guidelines to be unconstitutional. Moreover, although it is only a hint, it takes the form of a classic non sequitur to the extent that the majority suggests that we may rely on the interpretation of congressional intent in <u>Denardi</u> in concluding that we do not have jurisdiction to review a failure to depart downwards, <u>see</u> Maj. Op. at 20, but that we should ignore that interpretation when considering whether we have jurisdiction to review sentences for reasonableness. With utmost kindness and gentility I am constrained to say that my brothers of the majority may not have it both ways: <u>Denardi</u>, and its formulation of congressional intent, either governs our interpretation of § 3742(a)(1) or it does not.

34

reasonableness" standard into the appellate jurisdiction requirements. I do not agree.

We must never equate a court's statement of a *standard of review* with a congressional enactment of *jurisdiction.* No court, including the United States Supreme Court, has the power to promulgate a declaration of *jurisdiction.* That remains the exclusive province of Congress within the boundaries set forth by the Constitution. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction.") (citations omitted).[17]

Our task in interpreting a statute is to "give every word some operative effect," Cooper Indus., Inc. v. Aviall Serv., Inc., 543 U.S. 157, 125 S. Ct. 577, 582-584 (2004), and my refusal to read into Booker a modification of the applicable jurisdictional

---

[17] To be sure, a change in substantive law can affect our jurisdiction when Congress defines our jurisdiction by reference to substantive law, as § 3742(a)(1) arguably does. This principle, however, is inapplicable here because the Supreme Court has never held that an unreasonable sentence violates the Constitution or any statute. Furthermore, Congress has made it plain that § 3742(a)(1) does not encompass all errors in the application of the Guidelines. Accordingly, the mere failure to satisfy the standard of review, formerly set forth at § 3742(e), standing alone, is not sufficient to provide us with jurisdiction. Indeed, both before Booker and after, we do not even reach the standard of review unless we otherwise have jurisdiction.

35

standards under § 3742(a) comports with Congress' plain wording of the statute, our inability to prescribe our own appellate jurisdiction, and the Supreme Court's indication that the non-excised portions of the SRA "remain valid." Booker, 125 S. Ct. at 764.

The Supreme Court itself stated that the SRA "*continues* to provide for appeals from the sentencing decisions [under § 3742(a)]." Booker, 125 S. Ct. at 765 (emphasis added). The Court's use of the operative word "continues" suggests that the appellate jurisdiction arising under § 3742(a) does not change after Booker. The primary change, therefore, is that courts are now to apply a reasonableness standard to *guide* their review of cases otherwise *arising under* our § 3742(a) jurisdiction.

In light of Booker, I believe that the proper way to interpret our jurisdiction under § 3742(a)(1) is to continue the pre-Booker reading. We therefore only have jurisdiction to review cases under § 3742(a)(1) if "[(i)] a sentence was in excess of the statutory maximum, [(ii)] was based on impermissible considerations, or [(iii)] was the result of some other demonstrable error of law." Colon, 884 F.2d at 1553. A demonstrable error of law would not encompass an abuse of discretion or an unreasonable sentence, but rather an abuse such as the denial of a procedural right. See United States v. Tucker, 892 F.2d 8, 10 (1st Cir. 1989) (holding that "violation of law" connotes a limited circumstance such as denial of a procedural right, not an abuse of discretion); see, e.g., Booker, 125 S. Ct. at 756-757 (indicating that a mandatory application of the Guidelines would be a violation of the Sixth Amendment). Indeed, if we were supposed to consider the reasonableness of sentences or whether a district court acted within its discretion, Congress would have so indicated. See Tucker, 892 F.2d at 10

36

("If Congress meant 'abuse of discretion,' it would have said so."); <u>Denardi</u>, 892 F.2d at 272.[18]

## IV.

With the foregoing precepts in mind, I turn to the proper disposition of the pending appeal. Having concluded that unreasonableness, even if shown, cannot vest this Court with jurisdiction, I must determine whether any of Cooper's other legal claims provide this Court with jurisdiction. <u>See</u> <u>Ruiz</u>, 536 U.S. at 628 (upholding the Ninth Circuit's decision to review the merits of a case to determine whether it had jurisdiction under § 3742(a)(1)). If they do, then this Court can engage in the

---

[18] The majority's failure to adhere to the plain wording of § 3742(a)(1) is further evidenced by its disposition of the case. By relying on § 3742(a)(1) for our jurisdiction, the majority implies that any unreasonable sentence is "imposed in violation of the law." Even assuming that this is correct – which I dispute – we would only have jurisdiction if we did, in fact, conclude that the sentence is unreasonable. <u>Cf.</u> <u>Drakes v. Zimski</u>, 240 F.3d 246, 247 (3d Cir. 2001) (observing that when jurisdiction depends on petitioner's success on the merits, we dismiss for lack of jurisdiction if petitioner's argument fails on the merits). Here, the majority concludes that Cooper's sentence is reasonable, but it nonetheless affirms the District Court rather than dismissing the appeal for lack of jurisdiction. By affirming rather than dismissing, the majority is exercising jurisdiction over an appeal from a sentence that was reasonable. Surely, the majority cannot mean to say that a ***reasonable*** sentence is also "imposed in violation of law" under § 3742(a)(1).

37

reasonableness review set forth in <u>Booker</u>. If not, we lack jurisdiction and the appeal must be dismissed.

In her brief, Cooper principally argues that her sentence violated <u>Booker</u> because the District Court failed to properly consider the § 3553(a) factors in conjunction with the Guidelines' recommended sentence. If she is correct, then this Court would have jurisdiction under § 3742(a)(1) because § 3553(a) mandates consideration of these factors. <u>See</u> <u>Booker</u>, 125 S. Ct. at 757.

In an excellent presentation, the majority has summarized how the District Court adequately considered the § 3553(a) factors in setting sentence and appropriately addressed the reasons for the sentence it pronounced. The majority states that:

> The court addressed the § 3553(a) factors and found "that the sentence to be imposed is reasonable in light of these considerations." More importantly, the District Court appropriately addressed Cooper's argument that her sentence was excessive considering her minimal criminal history compared to those of other, similarly sentenced defendants. The court rejected this contention, citing the serious nature of Cooper's crimes, the effect of her conduct on the public, and that she was "treated well" at her prior sentencing hearing. It is reasonable to conclude that her criminal history category correctly reflected the actual seriousness of her conduct.

38

> Taken as a whole, the record shows the court adequately considered the § 3553(a) factors and reasonably applied them to the circumstances presented in Cooper's particular case.

Maj. Op. at 17-18.

Although I am prevented from adopting the majority's discussion insofar as it relates to reasonableness because I hold there is no jurisdiction, I agree with the majority that the District Court adequately considered the § 3553(a) factors.[19] The sentence did not violate Booker's constitutional concerns about the use of the advisory Guidelines in conjunction with the other § 3553(a) factors. Accordingly, there was no "violation of law," and we lack jurisdiction to determine whether Cooper's sentence was reasonable.

## V.

The quandary facing this and other Courts of Appeals is understandably troublesome. We are trying to reconcile both the intent of Congress in enacting the SRA with the constitutional deficiencies present in the enacted system, as highlighted by Booker. Our Court, however, is one of limited

---

[19] Although I cannot reach the question of whether the sentence received by Cooper was reasonable, see Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981) ("If the appellate court finds that the order from which a party seeks to appeal does not fall within the statute, its inquiry is over."), were I permitted to discuss this point, I would agree with the majority's formulation of reasonableness.

jurisdiction, which indeed should be our paramount concern in weighing Congress' intent against the exigencies of <u>Booker</u>. Accordingly, with respect, I am constrained to dissent from the majority's approach and I would dismiss this appeal for lack of jurisdiction.sentence did not violate <u>Booker</u>'s constitutional concerns about the use of the advisory Guidelines in conjunction with the other § 3553(a) factors. Accordingly, there was no "violation of law," and we lack jurisdiction to determine whether Cooper's sentence was reasonable.

V.

The quandary facing this and other Courts of Appeals is understandably troublesome. We are trying to reconcile both the intent of Congress in enacting the SRA with the constitutional deficiencies present in the enacted system, as highlighted by <u>Booker</u>. Our Court, however, is one of limited jurisdiction, which indeed should be our paramount concern in weighing Congress' intent against the exigencies of <u>Booker</u>. Accordingly, with respect, I am constrained to dissent from the majority's approach and I would dismiss this appeal for lack of jurisdiction.