

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-10-2006

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Thomas" (2006). *2006 Decisions.* Paper 1459.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1459

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1588

UNITED STATES OF AMERICA

v.

ELENA THOMAS,
                                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. 04-cr-00194
District Judge:  The Honorable Katharine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2005

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

(Opinion Filed:  March 10, 2006)

OPINION

---

[*]The Honorable Louis H. Pollak, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

BARRY, Circuit Judge

Elena Thomas pleaded guilty to illegally re-entering the United States after being deported. The District Court sentenced her to 75 months in prison. She now appeals, claiming that this sentence was unreasonable. We will affirm.

Thomas was born in Panama in 1952. She visited the United States in 1978 and received an immigrant visa in 1984. She was convicted of shoplifting in California in 1979 and of larceny in New York in 1982. In 1993, she pleaded guilty in Texas state court to possession of at least 400 grams of cocaine with intent to deliver. She was sentenced to 20 years in prison, but was released from custody in 1998 and deported to Panama. Thomas soon returned to the United States. She was convicted of shoplifting eight times between 2000 and 2003; she has attempted to steal jewelry, perfume, and china worth hundreds of dollars from stores in New York and New Jersey. She has used nineteen different names, giving ten different dates of birth and ten different Social Security numbers.

A fingerprint analysis on the occasion of her most recent shoplifting conviction revealed that she had previously been deported. The government filed a criminal information against her, charging her with illegal re-entry by a deported alien, in violation of 8 U.S.C. § 1326(a). As a an aggravated felon, she was eligible for up to 20 years in prison. Id. § 1326(b). She pleaded guilty in a plea agreement signed on January 23, 2004 and entered on March 29, 2004. Before her sentencing, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), and declared the Sentencing Guidelines

2

unconstitutional as applied. The Court struck 18 U.S.C. § 3553(b)(1), thereby making application of the Guidelines by the sentencing court advisory only. It left in place § 3553(a), which requires the sentencing court to consider various factors in its sentence (including the Guidelines) and § 3553(c), which requires the sentencing court to "state in open court the reasons for its imposition of the particular sentence." See Booker, 543 U.S. at 258-60. The Court also struck § 3742(e), which had specified the standard of review to be applied on appeal, replacing it with a general review for "reasonableness." Booker, 543 U.S. at 260-62.

At her sentencing on February 14, 2005, Thomas argued to the District Court that three factors under § 3553(a) required a sentence beneath the applicable Guidelines range of 77 to 96 months. First, she offered psychiatric testimony that she suffered from a depressive disorder, leading to reduced mental capacity. Second, she argued that her criminal history category overstated the seriousness of her criminal record and that her theft offenses were less serious than the drug offenses for which that category was intended. Third, she argued that had she been arrested in a different district, she would have been offered a more lenient plea bargain. The District Court rejected these arguments, found that only a long prison sentence would suffice to prevent Thomas from stealing, and sentenced her to 75 months in prison—at the bottom of the Guidelines range, minus two months as a credit for time Thomas had served in state custody before being transferred to federal custody. Thomas argues that the sentence was unreasonable in that the District Court failed to consider all of the factors enumerated in § 3553(a).

3

The government argues that we lack jurisdiction to review a sentence within or below the applicable Guidelines range. We rejected that argument in our recent decision in United States v. Cooper, No.05-1447, 2006 U.S. App. LEXIS 3453 (3d Cir. Feb. 14, 2006). There, we held that an unreasonable sentence is "imposed in violation of law," so that we have jurisdiction under § 3742(a)(1) regardless of where the sentence falls in relation to the Guidelines range. Cooper at *5-7. The government also argues that a sentence within or below the applicable Guidelines range is *per se* reasonable. We rejected that argument in Cooper as well. Although "a within-guidelines range sentence is more likely to be reasonable than one that lies outside," a sentence within the Guidelines range is not *per se* reasonable. Id. at *20-21. Instead, the appellant bears the burden of establishing the unreasonableness of the sentence. Id.

We require that the District Court give "meaningful consideration" to the § 3553(a) factors, id. at *11, and to any sentencing grounds "properly raised by the parties which have recognized legal merit and factual support in the record," id. at *21. The District Court does not need to recite these factors or make specific findings with respect to each as long as the record makes clear that the District Court took them into account. Id. at *12. We apply a "deferential" standard of review to the District Court's application of the factors to the facts of the case. Id. at 15.

Examining the District Court's findings, we are convinced that the sentence it

imposed was reasonable.[1] The District Court considered the Guidelines range, its discretion to depart from that range in fashioning a sentence, the role of § 3553 in directing its exercise of that discretion, and the goals to be served by the choice of sentence. It found that Thomas's extensive history of theft convictions required a lengthy prison term both for the protection of society and as an appropriate punishment for the seriousness of her crimes. Its choice of a 75-month sentence was reasonable in light of Thomas's widespread, repeated, and calculated offenses.

Contrary to Thomas's assertions, the District Court carefully considered her arguments and the § 3553(a) factors those arguments referenced. It found: that the goal of rehabilitation would not be appreciably served by a shorter sentence; that Thomas's allegedly reduced mental capacity did not excuse her actions; that Thomas's criminal history category was an accurate reflection of the "violence to society's fabric" she had committed; that Thomas's sentence was not disproportionate to the sentences given offenders with similar culpability; and that the geographic diversity of her crimes belied her claim that prosecution in a non-"fast-track" district operated unfairly towards her. These findings were appropriately attentive both to the full set of relevant factors and to the specific facts of Thomas's case. The District Court more than satisfied its obligations under § 3553(a).

---

[1] We regret that the government chose not to address the actual reasonableness of Thomas's sentence in its briefing, instead resting its argument entirely on the jurisdictional and *per se* reasonableness bases we have rejected in Cooper.

We will affirm the judgment of sentence.