

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# USA v. Alston

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Alston" (2007). *2007 Decisions.* Paper 401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3065
_____

UNTIED STATES OF AMERICA

vs.

MICHAEL ALSTON,
                                        Appellant


_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 05-cr-00332-1 )
District Judge:   Honorable Petrese B. Tucker


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 18, 2007
Before:   SLOVITER, SMITH and WEIS, Circuit Judges.

Filed September 21, 2007
_____

OPINION
_____

WEIS, Circuit Judge.

        Defendant Michael Alston pleaded guilty to two counts of mail fraud in

violation of 18 U.S.C. § 1341 and twelve counts of health care fraud in violation of 18

U.S.C. § 1347.  Before accepting his guilty plea, the District Court engaged defendant in

an extensive colloquy during which defendant repeatedly assured the Court that he understood the charges, was guilty, and wished to plead guilty. Three months later, however, defendant filed a motion to withdraw his guilty plea, asserting his innocence. The District Court rejected the motion and proceeded to sentence defendant to 57 months imprisonment and three years of supervised release and ordered him to pay $800,000 restitution and a $1,400 special assessment.

On appeal, defendant contends that the District Court erred in calculating the Guidelines range applicable to his conduct in two instances:

> 1. By adding a two level enhancement under § 3C1.1 for obstruction of justice; and
> 2. By adding a four level enhancement under § 3B1.1(a) because of the defendant's role as organizer and leader of the fraudulent scheme.

Defendant also contends that the District Court did not properly consider the relevant § 3553(a) sentencing factors.

In the hearing on the motion to withdraw his guilty plea, defendant testified at length as to his innocence and his reasons for admitting his guilt during the plea colloquy. At sentencing, the district judge said that she was assessing the enhancement for obstruction of justice under the Guidelines, "not because Mr. Alston had exercised his right to seek to withdraw his plea, but because of the lack of credibility with which he approached this court."

We have reviewed the testimony of defendant at the hearing on the

withdrawal of his plea and compared it with the expansive colloquy at the guilty plea proceeding.  We conclude that the District Court made sufficient findings to support the enhancement.  The record demonstrates that the District Court included a finding that defendant was untruthful in his statements at the hearing on the motion to withdraw the guilty plea.  See United States v. Boggi, 74 F.3d 470, 479 (3d Cir. 1996); U.S.S.G. § 3C1.1 cmt. n.4(f) (obstruction of justice includes "providing materially false information to a judge or magistrate").  Accordingly, we find no error in the enhancement for obstruction of justice.

The evidence also supports the enhancement for the defendant's role as a leader and organizer of the fraudulent scheme.  With respect to leadership, the District Court said, "Mr. Alston was a person who ran the show. . . .  [H]e certainly implemented [the scheme]."  The evidence showed that defendant instituted a practice of submitting bills and medical reports to insurance companies for medical treatment and physical therapy sessions that never took place.  The record also indicates that he hired and trained clerical workers who submitted the fraudulent bills and he lead staff meetings where he established procedures for defrauding the insurance companies.  In addition, defendant owned and operated the relevant businesses and benefitted from the fraudulent scheme.

We are persuaded that this is ample evidence to support the finding that defendant was a leader and organizer of the fraudulent scheme.[1]

Finally, the record indicates that the District Court adequately considered the relevant § 3553(a) factors in this case.  See United States v. Cooper,  437 F.3d 324, 330 (3d Cir. 2006).

Accordingly, the Judgment of the District Court will be affirmed.

---

[1] Defendant does not dispute that the scheme involved more than five participants.  See U.S.S.G. § 3B1.1(a).