**UNITED STATES of America**

v.

**Reginald L. HOPKINS, Appellant.**

No. 06–3866.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) Oct. 22, 2007.

Filed: Oct. 24, 2007.

Eric Pfisterer, Office of United States Attorney, Harrisburg, PA, for USA.

Ronald A. Krauss, Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: FISHER, ALDISERT and GREENBERG, Circuit Judges.

OPINION

ALDISERT, Circuit Judge.

This appeal by Reginald L. Hopkins requires us to decide whether the United States District Court for the Middle District of Pennsylvania adequately articulated its consideration of the factors set forth in 18 U.S.C. § 3553(a) when it sentenced Hopkins to 168 months of imprisonment. On appeal, Hopkins contends that the District Court failed to establish a record demonstrating its meaningful consideration of the § 3553(a) factors. We will affirm.

I.

The parties are familiar with the facts and proceedings before the District Court, so we will revisit them only briefly. On April 18, 2006, Hopkins pleaded guilty to Count VII of a superceding indictment charging him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The plea agreement concerned charges that arose as a result of Hopkins's possession of drugs and firearms on three different occasions within a five month period.

On September 21, 2004, Hopkins was stopped by police officers in Highspire, Pennsylvania for a traffic violation. During the stop, officers learned that Hopkins's driver's license had been suspended and that Hopkins had an outstanding war-

rant for his arrest. Officers arrested Hopkins and found in his vehicle 1.8 grams of crack cocaine, 4.4 grams of marijuana, a fully loaded nine millimeter handgun, additional ammunition for the gun, and $268.00 in cash.

On October 1, 2004, a member of the Dauphin County Drug Task Force, who was aware of Hopkins's suspended driving privileges, observed Hopkins driving in Harrisburg, Pennsylvania. The officer followed Hopkins to a convenience store, but Hopkins fled on foot when the officer approached him and escaped. Officers executed a search warrant on Hopkins's vehicle and recovered 4.7 grams of crack cocaine, a small amount of marijuana, and a loaded semi-automatic pistol with the serial number scratched off.

On February 10, 2005, members of the United States Marshals Fugitive Task Force and the Harrisburg Police Department observed Hopkins drive to an apartment building. When Hopkins exited his vehicle, the officers approached him and attempted to arrest him on several outstanding warrants. Hopkins fled the officers on foot but was eventually captured with the help of a police K–9 unit. Officers found Hopkins in possession of a total of 2.3 grams of crack cocaine individually packaged for sale and $441.00 in cash. In addition, a search of his vehicle recovered a loaded nine millimeter semi-automatic handgun and a small amount of marijuana.

Pursuant to the written plea agreement, Hopkins admitted that he possessed crack cocaine with the intent to distribute on all three occasions, and the government agreed to recommend that Hopkins receive a two-level reduction in offense level for acceptance of responsibility, if warranted. At the plea colloquy, Hopkins admitted to the facts presented by the prosecutor. At sentencing, the District Court adopted the Presentence Investigation Report, which included in its calculation of Hopkins's sentence the two-level reduction in offense level for acceptance of responsibility, and sentenced Hopkins to the minimum sentence provided by the advisory Sentencing Guidelines, 168 months of imprisonment.

## II.

Generally, "a court of appeals gives deference to a district court's sentencing determinations and thus reviews sentences on an abuse of discretion basis." *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir.2006). When a defendant fails to raise an objection to the sentence before the district court, however, our review of the sentence is for plain error. *Id.* ("Nevertheless, insofar as [the defendant] is advancing contentions that he did not preserve in the district court, our review is confined by the exacting plain error standards."). Before us, Hopkins complains that the District Court failed to perform a meaningful consideration of the § 3553(a) factors when it sentenced him. Because his argument made to this Court was not raised before the District Court, *see* app. 63–68, we will review it for plain error.

To succeed under the plain error standard, Hopkins bears the burden of showing that: "(1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected the defendant's substantial rights[,] . . . [and][i]n cases where the first three elements are satisfied, an appellate court may exercise its discretion to order such a correction only if the error[ ] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dixon*, 308 F.3d 229, 234 (3d Cir.2002) (citations and quotations omitted). An error affects substantial rights if the error was prejudicial to the defendant and "affected the outcome of the district court proceedings." *United States v. Olano*, 507

U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

## III.

Hopkins contends that the District Court erred by failing to meaningfully consider the factors relevant to sentencing, as articulated in 18 U.S.C. § 3553(a),[1] when it sentenced him to 168 months of imprisonment. This Court has previously considered a similar claim of failure to consider the appropriate § 3553(a) factors, and the legal precept applicable to Hopkins's claim is settled. In *United States v. Cooper*, 437 F.3d 324 (3d Cir.2006), we stated:

The record must demonstrate that the court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.

*Id.* at 329 (internal citations omitted). Nothing in the teachings of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), or elsewhere requires a district court to state on the record that it has explicitly considered each of the

---

1. Section 3553(a) provides:

   (a) **Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the kinds of sentence and the sentencing range established for—
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
   (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into

amendments issued under section 994(p) of title 28); and
   (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guideline or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
   (5) any pertinent policy statement—
   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
   (7) the need to provide restitution to any victims of the offense.
   18 U.S.C. § 3553(a).

§ 3553(a) factors or to explicitly record its consideration of each factor. *Cooper*, 437 F.3d at 329.

At sentencing, the District Court provided the following statement regarding its reasons for imposing a sentence of 168 months of imprisonment:

> The sentence is within an advisory range that is greater than 24 months, and the specific sentence is imposed for these reasons: A sentence at the end will provide an adequate penalty and deterrence.

> The Court further makes the additional findings as follows: Defendant is a career offender and has been involved with the law since age 17. His prior offenses included drug distribution. His current offenses included drug offenses and weapons. Prior periods of incarceration and supervision have not deterred the defendant from unlawful activity. The Court has taken into account and considered his unfortunate childhood environment involving a dysfunctional family, drug abuse by family members, and lack of parenting. However, defendant has benefited greatly by the plea agreement. This consideration, along with a sentence at the low end of the Guidelines[,] adequately addresses the considerations of 18 U.S.C. § 3553(a).

App. 66–67. This statement explicitly addressed several of the § 3553(a) factors, including "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1); "the history and characteristics of the defendant," *id.*; "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," *id.* § 3553(a)(2)(A); "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the ... sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission ...," *id.* § 3553(a)(4)(A)(i).

Because our standard of review is plain error, the fact that the District Court "did not give a fuller explanation certainly could not rise to the level of plain error or, indeed, any error at all." *Lloyd*, 469 F.3d at 325–326. Even though the District Court did not explicitly address each § 3553(a) factor, it established a record demonstrating its meaningful consideration of them. We are satisfied that the District Court properly considered the § 3553(a) factors and thus conclude that the District Court did not err when it sentenced Hopkins to 168 months of imprisonment.

\* \* \* \* \* \*

We have considered all contentions presented by the parties and conclude that no additional discussion is necessary.

The judgment of the District Court will be affirmed.