

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2008

# USA v. Parks

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Parks" (2008). *2008 Decisions.* Paper 739.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/739

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2283
_____

UNITED STATES OF AMERICA

v.

JERMAINE PARKS
a/k/a TRUMAN JERMANE PARKS
a/k/a MARCUS WRIGHT

Jermaine Parks,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 06-cr-00509)
District Judge: Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
on June 30, 2008

Before:  RENDELL, SMITH, and FISHER, Circuit Judges.

(Filed August 1, 2008)


_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Jermaine Parks appeals his sentence of 33 months' imprisonment for escaping from custody in violation of 18 U.S.C. § 751(a). He argues that (1) the sentence he received was unreasonable and (2) the District Court denied him due process by refusing to apply a four-level offense level reduction based on facts proven by a preponderance of the evidence, rather than beyond a reasonable doubt. For the reasons provided below, we will affirm.

On June 23, 2006, Parks signed out of Luzerne Community Corrections Center ("LCCC"), a halfway house in Philadelphia, Pennsylvania where he was serving the final 160 days of a previous sentence, to attend his daily job at Core Flex Warehouse. LCCC placed a call to the warehouse to verify Parks's attendance at work that day and found out that Parks never arrived. After checking with local law enforcement and hospitals regarding Parks's whereabouts, LCCC placed Parks on escape status at 10:00 p.m. Parks, upon escape, took up residence at 7817 Fayette Street in Philadelphia.

On June 29, 2006, six days after failing to report to work, Parks was shot a number of times in the leg in front of a house on the 7700 block of Fayette Street. The driver of a pickup truck transported him to Germantown Hospital, where the police questioned Parks about the situation surrounding his injuries. Parks answered the police with the false name of "Marcus Wright" and inaccurately stated that the shooting occurred at

Tulpehocken and Musgrave Streets, not Fayette Street. Based in part on the

misinformation relayed by Parks, the police began to investigate the incident.

Later that day, after Parks was transferred to Albert Einstein Medical Center,

police detectives again questioned him. Parks persisted with the same false information.

At this point, the police had interviewed the driver of the pickup and had verified that the

crime scene was actually at Fayette Street. The police then asked Parks if his answers to

their questions were truthful. Parks replied that "the truth will come out in time." (App.

35.) Subsequently, Parks's mother arrived at the hospital and positively identified him.

With accurate information, the police were able to establish that Parks was wanted by the

United States Marshals Service for escape from LCCC.

On July 6, 2006, in relation to this incident, Parks was charged by the state with

filing a false report, in violation of 18 Pa. C.S. § 4096, and with giving false identification

to a police officer, in violation of 18 Pa. C.S. § 4914. On September 20, 2006, a federal

grand jury indicted Parks for escaping from LCCC, and, on December 6, 2006, Parks pled

guilty to this charge.

At sentencing for the federal offense, the defense objected to the omission by the

Presentence Investigation Report ("PSR") of a four-level offense level reduction that

generally applies "[i]f the defendant escaped from the non-secure custody of a community

corrections center, community treatment center, 'halfway house,' or similar facility."

U.S.S.G. § 2P1.1(b)(3). The PSR did not apply the four-level reduction because the

3

Guidelines provide that it is unavailable "if the defendant, while away from the facility, committed any federal, state, or local offense punishable by a term of imprisonment of one year or more," U.S.S.G. § 2P1.1(b)(3), and the state charges pending against Parks were punishable by up to one year, 18 Pa. C.S. § 1104(3). Parks argued, inter alia, that he did not commit the state offenses with which he was charged as his actions did not meet the elements of those offenses. However, the Court overruled this objection to the PSR and found by a preponderance of the evidence that Parks did in fact violate the state statutes in question.

The PSR did reduce Parks's offense level by two for acceptance of responsibility, for a total offense level of 11. Parks's criminal history category of VI, the maximum, along with the offense level, resulted in an advisory Guidelines sentencing range of 27-33 months. Parks's counsel recommended "a bottom of the guideline sentence or lower" to properly account for the fact that, according to Parks, he only escaped from LCCC and lied to the police in order to avoid an unspecified threat to his life. (App. 153.) The District Court, however, did not take this recommendation, and imposed a top-of-the-Guidelines sentence of 33 months' imprisonment. The defendant filed a timely notice of appeal.

The District Court had subject matter jurisdiction over Parks's case pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

4

Parks's first contention on appeal is that the 33-month prison sentence was unreasonably long. In evaluating such a claim, we review the sentence for both procedural and substantive reasonableness. *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). As we explained in *Lessner*, "[t]o be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth in 8 U.S.C. § 3553(a)." *Id.* Thus, a district court "'should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *Id.* (quoting *Rita v. United States*, 127 S.Ct. 2456, 2468 (2007)). In addition, "[f]or a sentence to be substantively reasonable, a district court must apply the § 3553(a) factors reasonably to the circumstances of the case." *Id.* at 204. This deferential standard is appropriate because the district court is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006).

Parks maintains that his motivation for his escape and subsequent untruthfulness with the police — the alleged threat to his life — and the fact that he just barely missed qualifying for the § 2P1.1(b)(3) offense level reduction called for a downward variance from the Guidelines range.[1] The record demonstrates that the District Court considered

---

[1] In arguing that his marginal disqualification from the § 2P1.1(b)(3) reduction made a below-Guidelines sentence appropriate, Parks relies on *United States v. Grove*, 150 F. Supp. 2d 1270 (M.D. Ala. 2001). We are not bound by this case, as it is from the Middle

whether the nature and circumstances of Parks's escape warranted a downward variance, including both parties' positions on the issue, along with the PSR, Parks's courtroom statement and prior correspondence to the Court, the Guidelines range, and the other § 3553(a) sentencing factors, in determining an appropriate sentence. The District Court placed particular emphasis on Parks's significant criminal history, history of substance abuse, and need for vocational skills. Based on these variables, the District Court found that a top-of-the-Guidelines sentence of 33 months was necessary to adequately punish Parks, meet Parks's rehabilitation needs, and deter him and others from committing similar crimes in the future. Because the record satisfactorily shows that the District Court meaningfully considered the factors set forth in § 3553(a) and reasonably applied them to the circumstances of this case, we must reject Parks's argument that his sentence was unreasonable.

The second contention by Parks, that his right to due process was violated by fact finding at sentencing using a preponderance of the evidence standard, was raised with the intention to preserve the issue for review by the United States Supreme Court. Parks concedes that we held in *United States v. Grier* that "[f]acts relevant to [the] application

---

District of Alabama. Also, the facts in *Grove* are clearly distinguishable. For instance, the defendants in *Grove* voluntarily returned to the non-secure facility from which they escaped. *Id.* at 1272. On the contrary, Parks did not voluntarily return to LCCC and Parks continually lied to police to avoid detection while in the hospital.

6

of the Guidelines" may be found by a preponderance of the evidence. 475 F.3d 556, 567 (3d Cir. 2007).

For the foregoing reasons, we will AFFIRM the Judgment and Commitment Order of the District Court.

_____