

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2008

# USA v. Weldon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3671

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Weldon" (2008). *2008 Decisions.* Paper 415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3671

UNITED STATES OF AMERICA

v.

TERRANCE D. WELDON,
                                        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 02-cr-00750-1)
District Judge:  The Honorable William H. Walls

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2008

Before: BARRY, AMBRO and GARTH, Circuit Judges

(Opinion Filed:  October 3, 2008)

OPINION

BARRY, Circuit Judge

    Terrance Weldon appeals the District Court's judgment of sentence.  We will

affirm.

# I.

Because we write only for the parties, we set forth only those facts that are relevant to our analysis.

Weldon, who served as mayor of Ocean Township, New Jersey from 1991 to 2002, pleaded guilty to three counts of accepting bribery payments in the course of performing his official duties, in violation of 18 U.S.C. §§ 1951 and 2. The parties agreed, and the District Court found, that (1) the total offense level was 24; (2) Weldon's criminal history category was I; and (3) the resulting Sentencing Guidelines range was 51-63 months. The government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 on the ground that Weldon had provided substantial assistance to the government in the investigation and prosecution of other individuals. The Court denied that motion and sentenced him to 58 months imprisonment.

Weldon filed a timely notice of appeal. He argues that the District Court erred in denying him a downward departure under § 5K1.1, and that his sentence is unreasonable.

# II.

In reviewing the District Court's judgment of sentence, "our role is two-fold. We must first ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). Examples of procedural errors include failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the factors set

forth in 18 U.S.C. § 3553(a), selecting a sentence based on clearly erroneous facts, and failing to provide an adequate explanation for the chosen sentence. *Id.* (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)). We review claims of procedural error for abuse of discretion. *Id.* If we conclude that the Court committed no procedural error, we then review the substantive reasonableness of the sentence. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Id.*

### III.

Weldon first argues that the District Court erred in denying the government's § 5K1.1 motion for a downward departure. "We do not have jurisdiction to review discretionary decisions by district courts to not depart downward." *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir. 2007); s*ee also United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006) (reaffirming, after *United States v. Booker*, 543 U.S. 220 (2005), the validity of our pre-*Booker* decisions finding no jurisdiction to review a district court's discretionary decision to not depart); *United States v. Casiano*, 113 F.3d 420, 429 (3d Cir. 1997) (explaining that, absent legal error, a district court's discretionary decision to not depart under § 5K1.1 is "immune from appellate review"). Thus, to the extent Weldon challenges the Court's discretionary decision to not depart under § 5K1.1, we will dismiss

his appeal for lack of appellate jurisdiction.[1]

Weldon next claims that his sentence is unreasonable because the District Court failed to meaningfully consider, and unreasonably applied, the § 3553(a) factors. Specifically, he argues that the Court placed too little weight on §§ 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant) and (a)(6) (the need to avoid unwarranted sentence disparities among similarly situated defendants), and too much weight on § 3553(a)(2)(C) (the need to protect the public). Further, he argues that the Court improperly considered "extra-judicial" facts – *i.e.*, the history of corrupt politicians in New Jersey and elsewhere – in deciding Weldon's sentence.

This claim is without merit. The record reflects that the District Court meaningfully considered, and reasonably applied, the § 3553(a) factors. The Court explicitly acknowledged evidence concerning Weldon's history and characteristics, *see* § 3553(a)(1), including his history as a public official and a firefighter, the numerous letters written on his behalf by friends and concerned citizens, press accounts that were generally favorable toward him, his health conditions, and his wife's health conditions. However, the Court found that those factors were outweighed by other § 3553(a) factors. In

---

[1] We note that the record reflects that the District Court understood it could have granted a departure, but elected not to do so. *Cf. Vargas*, 477 F.3d at 103 ("Jurisdiction [to review the denial of a departure] arises...if the district court's refusal to depart downward is based on the mistaken belief that it lacks discretion to do otherwise".).

particular, it found that Weldon's offense was "very, very serious[,] ...bespeak[ing] a lack of respect for the law." (App. 148.) *See* §§ 3553(a)(1) (nature and circumstances of the offense) & (a)(2)(A) (the need for the punishment to reflect the seriousness of the offense).[2] Further, the Court explained that a significant sentence was necessary to "provide adequate deterrence to criminal conduct by others" and to "protect the public from...you and anyone else who might...try to do what you have done." (App. 149.) *See* §§ 3553(a)(2)(B) (the need to provide adequate deterrence) & (a)(2)(C) (the need to protect the public). Finally, after noting that Weldon was at the "top of the pecking order" of government corruption in Ocean Township, and that another defendant who was "certainly not at the top" had been sentenced to 26 months imprisonment, the Court found that a significant sentence was required to avoid unwarranted sentence disparities. (App. 150.) *See* § 3553(a)(6) (the need to avoid unwarranted sentence disparities). Based on its consideration of these factors, the Court concluded that a within-Guidelines sentence of 58 months was appropriate. That sentence is "within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors," and thus, "we must affirm." *Wise*, 515 F.3d at 217.[3]

---

[2] Weldon's claim that the Court improperly considered the history of, and problems associated with, political corruption in New Jersey and elsewhere lacks merit. The Court's comments concerning political corruption simply provided context for its finding that Weldon committed a serious offense.

[3] To the extent that Weldon's briefs can be read to argue that the District Court erred in denying him a downward variance or a lower within-Guidelines sentence in light of his assistance to the government, that argument is without merit. The Court considered

**IV.**

For the foregoing reasons, we will affirm the District Court's judgment of sentence. However, to the extent Weldon appeals the Court's discretionary decision to not depart under § 5K1.1, we will dismiss his appeal for lack of appellate jurisdiction.

---

Weldon's assistance, but found that it was untimely, that it provided only marginal benefit to the government, and that it provided information only as to targets who were less culpable than Weldon. These findings are not clearly erroneous, and in light of the Court's consideration of the § 3553(a) factors, *see supra*, we cannot say that the failure to grant Weldon a variance or a lower within-Guidelines sentence on this ground was unreasonable.