

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2009

# USA v. Levy

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1649

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Levy" (2009). *2009 Decisions.* Paper 1849.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1849

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1649

UNITED STATES OF AMERICA

v.

IGAL SHARON LEVY,
                                             Appellant

Appeal from the United States District Court
for the District of Delaware
(No. 06-cr-00056)
District Court: Hon. Joseph J. Farnan, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 15, 2008

Before: McKEE and GARTH, *Circuit Judges*, and RODRIGUEZ, *Senior District Judge**

Opinion filed: February 20, 2009

OPINION

McKEE, *Circuit Judge*.

Igal Sharon Levy appeals a sentence that was imposed following his conviction for

two counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of access device

fraud, in violation of 18 U.S.C. § 1029(a)(2).  For the reasons that follow, we will affirm

_____

*The Hon. Joseph H. Rodriguez, Senior District Judge of the United States District
Court for the District of New Jersey, sitting by designation.

the 40 month sentence that was imposed.

## I.

Inasmuch as we write primarily for the parties, it is not necessary to recite the facts

of this case except insofar as may be helpful to our brief discussion.

Levy argues that the district court imposed an unreasonable sentence because it

failed to adequately consider and apply the factors set forth in 18 U.S.C. § 3553(a).  Levy

focuses this attack on the following exchange between the court and the representative of

the victim, Circuit City:

> THE COURT: Let me ask you this question.  Sentencings are difficult, particularly for non-violent white collar crimes.  I understand you have this loss.
> Believe me, I fully understand the impact that it has on employees, particularly in that store where it has to come out of their dollars.
> Suppose you were me sitting here.  If I incarcerate Mr. Levy, the chances of you getting restitution go drastically down, drastically down.
>
> MR. TELLER: Yes.
>
> THE COURT: Because the government would want me to incarcerate him for 37 to 40 months, . . . I don't know how much restitution you can get.  Probably not going to be anything near a hundred thousand dollars, because I can only order and supervise it during some period of supervised release after incarceration.
>
>                      *     *     *
>
> THE COURT: Do you think I should give him the time the government wants me to or should I somehow . . . reduce that time and kind of give a little more assurance that you will get more of that restitution back than you'll get if I do the guideline?
>
> MR. TELLER: I would give him the time.

(App. 46-48.)

Levy argues that this exchange suggests that the court substituted the victim's judgment for its own and therefore the court did not reasonably consider or apply all of the § 3553(a) factors. We disagree.

In our view, this exchange shows that the court very thoughtfully tried to balance the need and concerns of the victim against the obligation to impose a sentence that would reflect the seriousness of the crime and deter future criminality. We review the district court's sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 326-27 (3d Cir. 2006). The court was trying to avoid punishing the victim by imposing a sentence on the defendant that would greatly reduce the chance of restitution. We therefore think the court's inquiry was perfectly appropriate. Moreover, it reflects the careful thought and consideration of the § 3553(a) factors that Levy insists was lacking.

Moreover, this is not the only evidence of the court's reasoning in fashioning a sentence. Our review of the entire record reveals the district court's "meaningful consideration" and detailed explanation of the application of the § 3553(a) factors. *Cooper*, 437 F.3d at 329. The district court considered the nature and circumstances of the offense and referenced the size of the loss. The court also expressed concern regarding the brief time period over which Levy caused roughly $600,000 of financial harm.

The court considered the need to protect the public, and expressed particular concern about vulnerable consumers and employees, as well as the harsh economic

3

consequences of credit card fraud. The record also establishes the court's careful consideration of the need to balance restitution to the victim with general deterrence. In fact, that consideration is amply demonstrated by the exchange cited above that Levy relies upon to challenge the court's consideration of the § 3553(a) factors.

We also disagree with Levy's contention that the district court essentially "punished" Levy for filing for bankruptcy. Indeed, our review of the record leads us to conclude that the district court mentioned Levy's filing for bankruptcy in its consideration of various § 3553(a) factors, particularly the "nature and circumstances of the offense" factor. Levy's argument is therefore without merit.

**II**.

Accordingly, we will affirm the judgment of sentence.

.