NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1234
_____

UNITED STATES OF AMERICA

v.

ANTHONY HOPSON,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(Crim. No. 2-08-cr-00216-001)
District Judge: Hon. Alan N. Bloch

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2011

Before: McKEE, *Chief Judge*, SMITH, *Circuit Judge* and
STEARNS,* *District Judge*

(Opinion Filed:   February 11, 2011)

McKEE, *Chief Judge*.

Anthony Hopson appeals the district court's order of judgment of conviction and

sentence.   For the reasons that follow, we will affirm.

# I. BACKGROUND[1]

---

* Honorable Richard G. Stearns, District Court Judge, United States District Court for the
District of Massachusetts, sitting by designation.

Hopson raises four arguments on appeal. He claims that: (1) the district court violated his Fifth Amendment right not to testify when it instructed the jury that it could consider "any statements omitted by the defendant"; (2) the evidence was insufficient to convict; (3) the unavailability of the government's confidential informant violated his Sixth Amendment right to confront witnesses; and (4) the district court was unreasonable in finding that he did not qualify as a career offender yet then varying upward based upon career offender factors. We have jurisdiction pursuant to 28 U.S.C. § 1291.We review the district court's decision regarding jury instructions for abuse of discretion. We "order a new trial on account of a district court's refusal to give a proposed jury instruction 'only when the requested instruction was correct, not substantially covered by the instructions given, and was so consequential that the refusal to give the instruction was prejudicial to the defendant.' " *United States v. Hoffecker*, 530 F.3d 137, 167 (3d Cir. 2008).

Challenges to the sufficiency of the evidence place "a very heavy burden" on an appellant. *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (citations and internal quotation marks omitted). In reviewing such challenges, we view all of the evidence on the record "in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt based on the available evidence." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (citations and internal quotation marks omitted).

Finally, absent legal error, we review a sentence for reasonableness to ensure that it

---

[1] We write primarily for the parties and therefore will only set forth those facts that are helpful to our brief discussion of the issues.

was both procedurally sound and substantively reasonable. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

## II. ANALYSIS

### A. Hopson's Fifth Amendment Right Not to Testify

Hopson contends that the district court instructed the jury that it could consider his decision not to testify as evidence of guilt, and that these instructions constituted reversible error. The district court defined the phrase "intent to distribute," and explained that a jury "may infer a defendant's intent from all of the surrounding circumstances," including "any statements made or omitted by the Defendant." Hopsons's counsel objected to this portion of the district court's instruction and argued that it violated the Fifth Amendment right against self-incrimination. The district court overruled the objection.

Hopson's argument is undermined by the fact that the district court explicitly instructed the jury that "the defendant had an absolute right not to testify or offer evidence." The court also explained that the government had the burden to prove the defendant guilty, and that the law never imposed on a defendant in a criminal case the burden of calling any witnesses or producing any evidence. The court emphasized that a defendant's decision not to testify or offer any evidence should not be considered or discussed in deliberations.

In addition, we have previously approved jury instructions similar to the one used here. *See United States v. Garrett*, 574 F.2d 778, 783 (3d Cir. 1978). Accordingly, we conclude that the district court did not abuse its discretion in instructing the jury as it did.

### B. Sufficiency of the Evidence

Next, Hopson argues that the evidence was not sufficient to support his conviction for Counts I and II (distribution of heroin). He rests that argument on the fact that there were no witnesses to the buys, no tape recordings, video recordings or photographs of the buys, and that the heroin found had no fingerprints or other evidence connecting Hopson to the illegal drugs.

Accordingly, we must determine if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). However, "[t]he prosecution may bear this burden entirely through circumstantial evidence." *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006). Here, the circumstantial evidence is more than sufficient to support the verdict.

Hopson lived in a house that was equipped to package and distribute heroin. Witnesses testified in detail about the interactions between Hopson and Loren Brimage, the confidential informant. Police observed Brimage entering Hopson's home without any heroin on him and leaving with bricks of heroin. Police also saw Brimage enter Hopson's house with "buy money" and leave shortly thereafter without the money. In addition, police discovered several items of drug paraphernalia in Hopson's home, including stamped bags, face masks, latex gloves, and a digital scale that contained tan residue, consistent with the appearance of the heroin found in the stamped bags. Finally, when the police arrested Hopson, he asked "who set me up?" This evidence is clearly sufficient to establish that Hopson was distributing heroin out of his home.

## C. Unavailability of Confidential Informant

Hopson complains that Brimage, the government informant, was the only witness to the alleged buys and yet he did not testify at trial because the government claimed it was unable to locate him. In the absence of Brimage, the government presented the testimony of law enforcement officials to whom Brimage told about the buys from Hopson. Hopson asserts that the effect of this testimony was to allow Brimage to testify without actually being present at trial, thus violating the Confrontation Clause of the Sixth Amendment.

The Confrontation Clause is violated when hearsay evidence is admitted as substantive evidence against a defendant who has no opportunity to cross examine the declarant or when the hearsay statement of an unavailable witness does not bear adequate indicia of reliability. *Kentucky v. Stincer*, 482 U.S. 730, 737 (1987). However, "[n]ot all hearsay implicates the Sixth Amendment's core concerns." *Crawford v. Washington*, 541 U.S. 36, 51 (2004). Rather, the admission of the declarant's testimony does not violate the Constitution unless it is "testimonial hearsay." *Id.* at 53.

Here, Brimage did not appear at trial and his audio recordings were not played. Thus, no out of court statement by Brimage was ever presented at trial. Moreover, Hopson had every opportunity to cross examine the law enforcement officers who testified at trial about what they saw outside of Hopson's home, as well as in their encounters with Brimage. We find no Confrontation Clause violation here.

**D. Whether Hopson's Sentence Was Reasonable**

Finally, Hopson contends that the district court abused its discretion in sentencing him to a term of imprisonment of 105 months. Hopson points out that the district court rejected the government's characterization that he was a career offender, yet then varied

upward based upon career offender factors. Hopson claims that because he was not a career offender, the district court should have sentenced him to a range of 33 to 41 months.

Our appellate review proceeds in two stages. It begins by "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 128 S.Ct. 586, 597 (2007). We do not presume that a district court considered the factors solely because the sentence falls within the Guidelines range. *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006). If a district court has not committed any procedural error, "we then, at stage two, consider its substantive reasonableness." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances. *Gall*, 128 S.Ct. at 597; *United States v. Howe*, 543 F.3d 128, 137 (3d Cir. 2008). At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness. *Cooper*, 437 F.3d at 332.

Where, as here, a district court decides to vary from the Guidelines' recommendations, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 128 S.Ct. at 597. "We afford deference to the District Court because it is in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006).

Here, the district court found that Hopson's criminal history demonstrated that he was someone who "consistently violates" society's laws. The court pointed out that Hopson had four prior serious drug offenses (noting that one of them was too old to count against him under the guidelines). The court observed that the three drug trafficking crimes for which he was sentenced had been counted as a single sentence rather than separately because the offenses were not separated by intervening arrests, even though the three cases involved completely separate crimes. The court pointed out that had Hopson been arrested rather than showing up on his own pursuant to a summons, he would have qualified as a career offender. The court also noted that Hopson committed a stalking offense just months after he was released from serving most of a serious 3 to 6 year sentence of imprisonment for his three other prior drug trafficking crimes. The court reasoned that if a six year sentence did so little to deter Hopson's criminal activities, a 33 to 41 month sentence would have little to no impact. Accordingly, the district court imposed a lengthy sentence because of its concern that Hopson had demonstrated his proclivity for recidivism. We can find nothing unreasonable about the sentence that was imposed and the court did not commit any legal error in imposing it.

### III. CONCLUSION.

For the reasons set forth above, we will affirm the judgment of conviction and sentence.