NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1270
_____

UNITED STATES OF AMERICA

v.

JASON THOMPSON,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 1-10-cr-00336-001)
District Judge: Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2011
_____

Before: FISHER, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: October 4, 2011)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Jason Thompson pled guilty to unlawful possession of a weapon by a convicted

felon.  The District Court sentenced Thompson to 104 months of imprisonment and three

years of supervised release.  He now appeals that sentence, claiming that the District

Court imposed an unreasonable sentence when it relied upon remote and related convictions in setting his criminal history category at Category VI, rather than Category V. However, Thompson conceded at sentencing, and again in his brief on appeal, that his criminal history category was correctly calculated; he argues instead that the District Court's decision not to depart downward was an abuse of discretion.

We lack authority to review a district court's discretionary decision not to depart downward. We will affirm.

## I. BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

Thompson was arrested on July 26, 2009, following an assault on his girlfriend. Local authorities subsequently stopped him based on a description of his vehicle and recovered a loaded, semi-automatic Glock pistol, which was later determined to be stolen.[1]

Thompson pled guilty to unlawful possession of a weapon by a convicted felon, in violation of 18 U.S.C. § 922(g). In his plea agreement, Thompson stipulated to a Total Offense Level of 23. He waived the right to any appeal that "challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23." (App. at 21.) However, he retained the right to appeal, pursuant to 18 U.S.C. § 3742, "the sentencing

---

[1] There is no suppression issue posed for this Court's consideration.

court's determination of the criminal history category." (App. at 21.)  Additionally, he reserved the right to move for a downward departure based on (1) his mental health or diminished capacity; and (2) the over-representation of the seriousness of his criminal history, pursuant to U.S.S.G. § 4A1.3(b).  (*Id.*)

In its Pre-Sentence Investigation Report ("PSR"), the Probation Department calculated 20 criminal history points for Thompson, which fell within category VI. Thompson's criminal history included a number of drug possession and drug distribution convictions, as well as convictions for robbery and assault.

At sentencing, he argued that the court should reduce the criminal history score for two reasons, which were also contained in his objections to the PSR.[2]  First, Thompson pointed out that six of the points he received stemmed from two convictions that were one month away from falling outside the fifteen-year time period set forth in U.S.S.G. § 4A1.2(e)(1).  The Court found that these convictions were "accurately counted" and that they "should be counted."  (App. 75.)  Second, six of the points stemmed from multiple convictions for what Thompson contended was a single cocaine distribution scheme, which should therefore be counted as a single offense worth only three points. (*Id.* at 74-79.)  The Court denied this request, finding that the offenses occurred in

---

[2] The probation officer had revised the PSR in response to Thompson's second objection, concerning the separate scoring of convictions that Thompson argued were part of the same scheme.  Thompson was originally assigned twenty-six points, which were reduced to twenty, pursuant to U.S.S.G. § 4A1.1(a).  However, the corresponding criminal history category remained VI regardless of that amendment.

separate jurisdictions and were separated in time. (*Id.* at 79.) Thus, Thompson's criminal history score and his Criminal History Category remain at level VI.

Category VI, in combination with the stipulated offense level of 23, produced a Guidelines range of 92 to 115 months of imprisonment. Thompson asked for a sentence of 84 months based on his age, family support, and employability, among other things. After considering the § 3553(a) factors, the District Court sentenced Thompson to 104 months.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over a challenge to the conviction under 28 U.S.C. § 1291 and over a challenge to the sentence under 18 U.S.C. § 3742(a). However, this Court does not have jurisdiction to review a district court's discretionary decision not to depart downward. *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009). This holding extends to situations in which the defendant seeks a departure based on the argument that the criminal history category over-represents the actual criminal history. *United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States,* 552 U.S. 85 (2007).

## III. ANALYSIS

As a threshold matter, we must determine whether Thompson's appeal asks us to review the District Court's discretionary decision not to depart downward. Thompson argues that "the district court abused its discretion and imposed an unreasonable sentence by strictly adhering to the criminal history category recommended by the Guidelines."

(Appellant's Br. at 9.) Thompson concedes that there was no error in the District Court's calculation of his criminal history score; instead, he argues that the specific facts of his case required the Court to reduce that score nonetheless.[3] (*Id.* at 6.)

In *United States v. Cooper*, which laid out standards of review for sentencing in the wake of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we held that a district court's decision not to depart downward remained unreviewable. 437 F.3d at 332-33. This holding is grounded in pre-*Booker* jurisprudence, finding that Congress intended to foreclose such review with 18 U.S.C. § 3742(a) and (b), except where there was an allegation of legal error. *Id.* at 333 (citing, *inter alia*, *United States v. Ruiz*, 536 U.S. 622, 626-28 (2002)). Because nothing in *Booker* overruled *Ruiz*, the unreviewability of discretionary decisions not to depart downward remains intact.

*Cooper* addressed a downward departure motion pursuant to U.S.S.G. §4A1.3, which allows for downward departure if "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." An argument for a downward departure from a correctly-calculated score is distinct from an argument that a criminal

---

[3] Thompson also contends that, because he specifically reserved his right to challenge the District Court's determination of his criminal history score, this claim remains available to him despite the appellate waiver in his plea agreement. (Appellant's Br. at 9.) However, as we conclude, his appeal in fact challenges the denial of his downward departure motion, and thus would not be reviewable even if no appellate waiver had been signed.

history score is incorrectly calculated. *See United States v. Williams* 510 F.3d 416, 426 (3d Cir. 2007) ("Rather, he argued that, notwithstanding that proper calculation [of the criminal history score], he was entitled to receive a departure under the Guidelines on the ground that a criminal history category III overstated his criminal history.").

Thompson concedes that the District Court made no procedural errors in imposing his sentence and that the calculation of his criminal history score was technically correct. (Appellant's Br. at 8, 12, 15.) He also characterizes his argument on appeal as addressed to the District Court's decision to "set[] the defendant's criminal history score at category VI, rather than category V." (Appellant's Br. at 7). Moreover, he cites to the commentary to U.S.S.G. §4A1.3 to support the point that the District Court abused its discretion. (*Id.* at 12-13.) Although Thompson endeavors in his reply brief to re-characterize his appeal as a challenge to the District Court's alleged failure to grant a variance, this argument is unpersuasive.[4] Despite his rhetorical attempt to frame his appeal as a challenge to the reasonableness of his sentence inasmuch as it is based on an unfair criminal history score, Thompson clearly seeks review of the District Court's decision not to depart downward in assigning his criminal history category.

Accordingly, as the District Court's discretionary decision not to depart downward is unreviewable, we lack jurisdiction over this appeal. We may not reach the merits of Thompson's claims.

---

[4] Although it is not relevant to our decision, it also appears that an appeal of the District Court's decision not to grant the variance would be foreclosed by Thompson's plea agreement. (App. 21.)

## IV. **CONCLUSION**

For the reasons set forth above, we will affirm the judgment of the District Court.