**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4280
_____

UNITED STATES OF AMERICA

v.

ANTHONY CLAY,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00419-001)
District Judge: Hon. Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2011

BEFORE: MCKEE, Chief Judge, FUENTES and COWEN , Circuit Judges

(Filed: November 1, 2011)

_____

OPINION
_____

COWEN, <u>Circuit Judge</u>.

Anthony Clay appeals from the judgment of sentencing entered against him by the United States District Court for the Eastern District of Pennsylvania. For the following reasons, we will vacate the judgment of sentencing and remand for resentencing.

I.

On October 10, 2008, police officers patrolling the 7100 block of Greenway Avenue in Philadelphia approached Clay on suspicion that he was smoking marijuana. As the officers approached, Clay began to run, and a chase ensued. During the chase, officers saw Clay discard thirty-seven packets containing 2.783 grams of cocaine base ("crack") and place a loaded handgun in a trash can.

On June 23, 2009, a grand jury returned a three-count indictment charging Clay with: (1) possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Clay proceeded to trial and was found guilty of all three offenses.

In the Presentence Investigation Report ("PSR") prepared prior to sentencing, the probation officer determined that Clay had four prior felony convictions and assigned him a criminal history score of 11, which placed him in criminal history category V.[1] The

_____

[1] First, in December 2005, Clay pled guilty in the Delaware County Court of Common

2

probation officer also determined that Clay was accountable for possessing 2.783 grams of crack and assigned him a base offense level of eighteen. Because Clay had two prior felony drug convictions, however, the probation officer further determined that, by operation of the "career offender" Guideline, U.S.S.G. § 4B1.1, his offense level increased to thirty-four and his criminal history category increased to VI. Accordingly, the advisory Guidelines range for the drug and § 922(g) offenses (Counts One and Three) was 262 to 327 months' imprisonment. The mandatory, consecutive penalty for the § 924(c) offense (Count Two) was 60 months, resulting in a total Guidelines range of 360 months to life.

Notably, the PSR also indicated that the government had filed an information pursuant to 21 U.S.C. § 851 when it had not. As a result, the PSR stated that Clay faced a mandatory minimum term of six years of supervised release on the drug count, when in fact the mandatory minimum penalty was only three years. See 21 U.S.C. § 841(b)(1)(C). Although the government noted this error in its sentencing memorandum, neither party filed formal objections to the PSR.

---

Pleas to criminal conspiracy and possession of a controlled substance and was sentenced to one year probation. Next, in December 2006, he pled guilty to forgery and was sentenced to ninety-seven days to twenty-three months' imprisonment, followed by a one-year period of probation. These sentences scored four points toward Clay's criminal history category. In July 2007, he pled guilty to two more drug trafficking offenses, for which he was sentenced to eight to twenty-three months' imprisonment, and a probationary sentence along with community service, respectively. These drug offenses added four more points. Clay also scored two additional criminal history points because he was on probation in the July 2007 cases when he committed the present offenses, and one further point because he had been released from custody less than two years before the new offenses.

At the sentencing hearing, defense counsel conceded that Clay was a "career offender" under U.S.S.G. § 4B1.1 but argued that the classification overstated the seriousness of Clay's record. Noting that he was only twenty-four years old and that he had never spent more than two years in jail for his prior convictions, counsel argued that a 175-month sentence (his Guidelines range without operation of the career offender Guideline) would be sufficient to deter him from future criminal activity. Defense counsel also argued that the imposition of a sentence within the career offender range would result in an unwarranted sentencing disparity between his sentence and sentences imposed on defendants with similar or worse records. Finally, defense counsel asked the court to take into consideration Clay's difficult upbringing in reaching an appropriate sentence.

The District Court concluded that the advisory Guidelines range of 360 months to life was overly punitive. After reviewing the applicable sentencing factors, including the seriousness of Clay's offense, his background and criminal history, and the need to afford adequate deterrence and to protect the public from future criminal activity, the court found that "30 years is far greater than necessary to punish [Clay], to recognize the dangerousness and to protect the community." (App. 463.) Therefore, the court awarded a 120-month downward variance and sentenced Clay to 240 months' imprisonment, stating that this was "more than sufficient and not greater than necessary and to sentence [him] otherwise would be unreasonable."[2] (Id.) The court also sentenced Clay to a term

---

[2] The written judgment order clarified that the court intended the sentence to be 180

4

of six years of supervised release: six years on the drug charge and five years on the other charges, to run concurrently to each other and the six-year period.

## II.

We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. When reviewing a sentence on appeal, we first ensure that the sentencing court did not commit a serious procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007). We then "review the substantive reasonableness of the sentence under an abuse-of-discretion standard," while keeping in mind that, "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008).

## III.

### A.     Procedural Errors

Clay first argues that the District Court committed a procedural error at sentencing by failing to consider the need to avoid unwarranted disparities between his sentence and

months' imprisonment on both the drug charge (Count One) and the § 922(g) charge (Count Three), to run concurrently, and 60 months on the § 924(c) charge (Count Two). (App. 4.)

sentences imposed on defendants with similar or worse records, as required by 18 U.S.C. § 3553(a)(6). We have reviewed the record, however, and conclude that the District Court sufficiently considered all of the § 3553(a) factors in determining an appropriate sentence. The District Court thoughtfully listened to, and questioned, the parties throughout the hearing, and explicitly stated that it had considered Clay's background, his criminal history, the seriousness of the offense, and the need to protect the community before reaching a sentencing decision. In the end, it concluded that, in its view, the 360-month Guidelines range was "far greater than necessary to punish [him], to recognize the dangerousness and to protect the community" (App. 463), and imposed a sentence that was 120 months lower than the advisory range. Based on this record, we are satisfied that the District Court meaningfully considered all of the factors set forth in § 3553(a). See United States v. Cooper, 437 F.3d 324, 332 (3d Cir. 2006) ("There are no magic words that a district judge must invoke when sentencing . . . ."), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85 (2007); United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007) ("A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account."). Accordingly, the court did not procedurally err.

Clay next argues that the six-year term of supervised release imposed on Count One is procedurally flawed because the District Court mistakenly believed that the mandatory minimum term of supervised release under 21 U.S.C. § 841(b)(1)(C) was six years when in fact it was three years. Pursuant to § 841(b)(1)(C), the mandatory

minimum term of supervised release for a drug trafficking offense involving approximately 2.7 grams of crack is three years, which is increased to six years if the defendant has a prior conviction for a felony drug offense and the government has filed a notice of prior conviction under 21 U.S.C. § 851. In this case, the PSR incorrectly stated that the government had filed a § 851 notice. Although the government noted the error in its sentencing memorandum, neither party filed a formal objection to the PSR, and the error was not discussed at the sentencing hearing.

As the government concedes, it is unclear from the record whether the District Court relied on the PSR and mistakenly thought that it was required to impose a minimum six-year term on Count One, or whether it simply believed that a six-year term was appropriate. Therefore, a remand is warranted so that the District Court can clarify, and, if necessary correct, the supervised release sentence on Count One.

### B. Substantive Reasonableness

Clay also argues that his sentence is substantively unreasonable because it is greater than necessary to deter him from future criminal activity. According to Clay, even though the District Court imposed a sentence below the career offender range, it "did not go far enough down" because the career offender Guideline distorts defendants' likelihood of recidivism.

Upon review, we cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568. The District Court considered the § 3553(a) factors,

7

noting that Clay had committed a serious offense, that he had not been deterred by his prior encounters with the law, and that there was a need to protect the community from future criminal conduct. The District Court weighed these factors in light of the sentence called for by the Guidelines and reasonably concluded that, while a substantial departure was warranted, significant jail time was nonetheless appropriate. We see no abuse of discretion in this regard.

### C. Statutory Maximum Sentence for Count Three

Finally, Clay correctly notes that the sentence imposed on Count Three exceeds the statutory maximum. Although the maximum penalty for a violation of 18 U.S.C. § 922(g)(1) is 120 months' imprisonment followed by a three-year period of supervised release, 18 U.S.C. §§ 924(a)(2) and 3583(b)(2), the District Court sentenced Clay to 180 months' imprisonment and a five-year period of supervised release. We will vacate the sentence on this Count and remand the matter for the District Court to enter a sentence that conforms with 18 U.S.C. §§ 924(a)(2) and 3583(b)(2).[3]

### IV.

For the foregoing reasons, we will vacate the District Court's judgment of sentencing and remand for resentencing.

---

[3] We note that this error does not affect the total sentence in this case, as neither the 180-month concurrent sentence on Count One, nor the five-year concurrent period of supervised release imposed on Count Two, are disturbed by our decision in this appeal.

8