NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2803
_____


UNITED STATES OF AMERICA

v.

ANTHONY CLAY,
                    Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00419-001)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2013

Before:  SLOVITER, FUENTES, and ROTH, Circuit Judges

(Filed: May 31, 2013)
_____

O P I N I O N
_____

SLOVITER, Circuit Judge.

Anthony Clay appeals the District Court's imposition of a 240-month sentence of imprisonment, followed by five years of supervised release. For the reasons below, we will affirm.[1]

## I.

In 2008, Clay was arrested and found in possession of 2.783 grams of cocaine base, a handgun, and $305 in cash. He was charged with possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Clay was convicted after a trial. At sentencing, Clay did not dispute that the career offender guideline applied to him, but argued that the range the guideline produced – 360 months to life – was too high. The District Court departed downward and sentenced Clay to 240 months imprisonment, followed by six years of supervised release. The Court stressed the seriousness of the offense and deterrence as reasons for the sentence. Clay appealed his sentence.

This court vacated and remanded for resentencing, citing two errors: The District Court may have mistakenly believed that the mandatory minimum term of supervised release on Count One was six years, when it was three years; and the sentence imposed on Count Three exceeded the statutory maximum. *See United States v. Clay*, 449 F.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

App'x 227, 230-31 (3d Cir. 2011). On remand, Clay documented that during the pendency of his appeal, he had been diagnosed with a psychotic disorder. He had not previously been diagnosed with a mental illness. Clay argued for a lower sentence in both his sentencing memorandum and at the sentencing hearing. He stated that the recently diagnosed illness required the Court to reconsider its previous sentence pursuant to the 18 U.S.C. § 3553(a) considerations of deterrence, just punishment, and rehabilitation. The District Court imposed a sentence of 240 months, followed by five years of supervised release. Clay timely appealed.

## II.

Clay asserts that the District Court erred by failing to meaningfully consider his mental illness in determining his sentence. The Government contends that our previous remand limited the District Court to addressing the two identified errors, and the Court could not consider Clay's mental illness. The Government further argues that even if the District Court could consider Clay's mental illness, we should review for plain error because Clay did not object to the sufficiency of the District Court's consideration of his mental health diagnosis. Clay states that he preserved the issue by alerting the District Court to his mental illness in both his sentencing memorandum and at the sentencing hearing. Therefore, we should review for abuse of discretion.

We need not decide whether the remand limited the District Court or whether Clay properly preserved the issue. Even assuming that the Court was not limited and the issue was preserved, the District Court did not abuse its discretion.

3

In sentencing a defendant, a district court must specifically address non-frivolous arguments by the parties "in a way that allows [the appellate court] to review the sentence for reasonableness." *United States v. Jackson*, 467 F.3d 834, 842 (3d Cir. 2006); *see also United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) ("The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."); *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007) ("[T]he court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.").

Here, the District Court listened to arguments from defense counsel and the Government regarding Clay's mental illness. After imposing the sentence, the Court responded to Clay's arguments by acknowledging that it had "consider[ed] the change in circumstances or the information that the court now has in regard to your client's mental health status." App. at 117. On this record, we are not prepared to state that the Court failed to sufficiently consider Clay's mental illness.

III.

For the foregoing reasons, we will affirm.