NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1298
_____

UNITED STATES OF AMERICA

v.

DERRICK FRY,
                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 10-cr-00112-001)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2011

Before:  HARDIMAN, BARRY, *Circuit Judges* and RUFE[*]*, District Judge*

(Filed: December 9, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

    Derrick Fry appeals his judgment of sentence following a guilty plea.  We will

_____

    [*]  The Honorable Cynthia M. Rufe, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

affirm.

I

Because we write for the parties, who are well acquainted with the case, we recount only the essential facts and procedural history.

Fry was a truck driver for Johnson Controls, Inc. (JCI), a battery manufacturer. Fry and two other truck drivers, Parke Reese and Kenneth Brown, were tasked with delivering new batteries to JCI's distributors and collecting used batteries to be dropped off to a recycler, RSR Corporation (RSR). Instead of delivering the used batteries to RSR as instructed, however, the three sold them to other recycling companies in twenty separate sales over the course of two years. The co-conspirators stole a total of $1,692,855 from JCI, and Fry was individually responsible for eight of the illegal sales, profiting $268,000.

Like his co-conspirators, Fry pleaded guilty. The District Court set an advisory Guidelines range of 37 to 46 months imprisonment, which Fry does not dispute.[1]

Before sentencing, Fry's counsel submitted a letter to the Probation Office objecting to the PSR's statement that "[Fry's co-conspirators] and Fry shared in the

_____

[1] In his initial brief, Fry claimed (1) that the Government violated the plea agreement by refusing to move for a one-point reduction necessary to reach the stipulated offense level of 19 because Fry had failed to relinquish a boat he owned, and (2) that his obligation to forfeit the boat was relieved or never arose under the doctrine of impracticability or was subject to rescission because of mutual mistake. By motion dated August 10, 2011, Fry withdrew these arguments. We granted that motion on August 31, 2011.

proceeds of the sale of the batteries." The Probation Office noted this objection in its addendum to the PSR and responded: "All three defendants were held accountable for the full loss due to the conspiracy element of the offense." In his sentencing letter to the Court, Fry requested leniency because "[o]f the three Defendants in this case, [he] benefitted the least from the conspiracy." According to Fry, the "nature and circumstances of the offense" supported a downward variance.

At the sentencing hearing, Fry's counsel again argued for a sentence below the Guidelines range based on the fact that "the total dollar loss was 1.69 million dollars, but Mr. Fry received only $268,000 of that amount [and] other defendants received more." The Government responded by pointing out that "[t]his was a substantial fraud, a substantial amount of money . . . and Mr. Fry was an equal participant." The District Court addressed this dispute, and Fry's counsel had a second opportunity to clarify the purpose of the objection:

| [Fry's Counsel]: | . . . I'm not disputing that was the loss in this case, and as a member of the conspiracy is [sic] responsible for that. What I did object to was that they shared equally in the proceeds, which I did relate here. |
|---|---|
| The Court: | I see. |
| [Fry's Counsel]: | But my point is, we're not—we're no longer arguing the sentencing guidelines points. I'm arguing that Mr. Fry as a matter of just of [sic] your Honor's discretion should take note of the fact that he only received 268,000— |
| The Court: | As compared to the other— |

[Fry's Counsel]:     Defendants, right.

The Court:          Okay.

Shortly after this colloquy, the District Court sentenced Fry to 37 months imprisonment, three years of supervised release, and restitution in the amount of $1,692,855, for which Fry's co-conspirators were also jointly and severally liable.  The Court explained its duty to consider the § 3553(a) factors and described its view of Fry's crime.  The Court further explained the need to deter Fry from future criminal conduct and that Fry would receive a longer sentence than his co-conspirators because Fry had not cooperated as substantially as they had.  In its written Statement of Reasons, the District Court indicated that it adopted the findings of the PSR with "the following changes" and listed several facts to which Fry had objected, including: "Defendant didn't share proceeds w/his Co-Defendants – He received approximately = $268,000.00"  Beneath the list of disputed facts, the District Court wrote: "All of above, <u>not</u> considered by the court for sentencing."

## II

Fry raises only one argument on appeal.  He claims that his sentence is procedurally unreasonable because the District Court failed to give due consideration to his argument that his lesser profit from the conspiracy warranted a downward variance from the Guidelines range.

We have jurisdiction over Fry's timely appeal under 28 U.S.C. § 1291 and 18

4

U.S.C. § 3742(a), and we review the District Court's sentencing decision for abuse of discretion. *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 56 (2007).

It is well-established that a sentence may be procedurally unreasonable if the district court "fail[ed] to consider the § 3553(a) factors." *Id.* at 51; *accord United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). But that did not occur in this case. The District Court played an active role in elucidating Fry's argument at the hearing, interjecting to ensure that it understood the purpose for which Fry objected to the PSR's representation that he "shared" in the proceeds of the conspiracy and twice acknowledging that it comprehended Fry's argument, responding "I see" and "[o]kay" following defense counsel's explanations. In its Statement of Reasons, the Court indicated that it disregarded parts of the PSR that suggested Fry had shared equally in the proceeds.[2] The Court's statements in pronouncing Fry's sentence make clear that it merely found Fry's arguments unpersuasive:

> In this case, this was a long ongoing fraud against Johnson Controls, for the theft of batteries and their resale to third-parties [sic]. And *the defendants, Mr. Fry included, received money for those batteries* that they sold. *And they kept the money for their own purposes*. So, the nature of the offense is serious.

(App. 76 (emphasis added)); *see Rita v. United States*, 551 U.S. 338, 358 (2007) ("The

---

[2] Fry argues that the sentence "All of above, <u>not</u> considered by court for sentencing" in the Statement of Reasons means that the District Court refused to take account of Fry's objection. We disagree. The Court would not have indicated that it had adopted various changes to the PSR, including Fry's objections, if it intended not to take account of those objections.

record makes clear that the sentencing judge listened to each argument. . . . The judge then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range . . . ."). The District Court did not fail to consider Fry's lesser financial gain; it simply declined to differentiate him on that basis. *Cf. United States v. Tomko*, 562 F.3d 558, 568–69 (3d Cir. 2009) (en banc) (finding that Tomko's sentence was procedurally reasonable where the sentencing judge clearly heard each argument but rejected the Government's contentions regarding general deterrence). Finally, the Court related Fry's monetary gains to the "nature of the offense," precisely the § 3553(a) factor to which Fry tied his objection in his sentencing letter.

Contrary to Fry's argument that the brevity of the District Court's sentencing explication demonstrates a lack of consideration, "[a] sentencing court does not have to 'discuss and make findings as to each of the § 3553(a) factors if the *record* makes clear the court took the factors into account in sentencing.'" *Tomko*, 562 F.3d at 568 (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)); *cf. Rita*, 551 U.S. at 356 ("[G]iven the straightforward, conceptually simple arguments before the judge, the judge's statement of reasons here, though brief, was legally sufficient."). The record thus reveals that the Court did not abuse its discretion in sentencing or commit procedural error with respect to Fry's § 3553(a) arguments.

## III

For the foregoing reasons, we will affirm the District Court's judgment of sentence.