NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3933
_____

UNITED STATES OF AMERICA

v.

MIGUEL SANDOVAL-CASTILLO,
a/k/a Miguel Angel Sandoval,
a/k/a Miguel Angel Sandoval-Castillo,

Miguel Sandoval-Castillo,
Appellant
_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 5-11-cr-00214-001)
District Judge: Honorable James Knoll Gardner
_____

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2012

Before: McKEE, *Chief Judge*, JORDAN and VANASKIE, *Circuit Judges*

(Opinion Filed:  May 22, 2013)
_____

AMENDED OPINION
_____

MCKEE, *Chief Judge*

Miguel Sandoval-Castillo has appealed the district court's refusal to grant a

downward variance from the  sentence suggested by the applicable guidelines range

following his conviction for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). For the reasons that follow, we will affirm the district court.

As we write only for the parties who are familiar with the facts and procedural history of this case, we need not detail them here.

Sandoval-Castillo pled guilty to one count of illegal reentry after deportation, in violation of 18 U.S.C. § 1326(a) and (b)(2), and was sentenced to thirty months' imprisonment, a three year term of supervised release, and a special assessment of $100.00. This appeal followed.

## I.

18 U.S.C. § 3742 permits a defendant to appeal a sentence based on a belief that the District Court lacked the authority to grant a downward modification, but does not permit an appeal where the claim is merely that the trial court abused its discretion. *United States v. Ruiz*, 536 U.S. 622, 627 (2002). If the District Court understood that it had the authority to downwardly depart from the sentencing guidelines but chose not to, we lack jurisdiction to review that decision. *Id.*; *see also United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006) (concluding "18 U.S.C. §§ 3742(a) and (b) reflect Congress' intent to foreclose review of a sentencing court's decision not to depart" from advisory guidelines (citation omitted)).[1]

Sandoval-Castillo contends that the District Court failed to adequately consider a variance from the guidelines and imposed a substantively unreasonable sentence.

---

[1] The question of whether this court's jurisdiction has been properly invoked is reviewed de novo. *In re Blatstein*, 192 F.3d 88, 94 (3d Cir. 1999).

Specifically, he argues the District Court failed to adequately address the factors set forth in 18 U.S.C. § 3553(a)(1), by not adequately accounting for his relative level of cultural assimilation or the fact that his conviction is not in a "fast-track" jurisdiction.

The District Court is obligated to impose a sentence that is no greater than necessary to accomplish the statutory purpose of sentencing while considering each of the factors set forth in 18 U.S.C. § 3553(a) along with any other arguments properly raised by the parties. *United States v. Booker*, 543 U.S. 220 (2005); *Rita v. United States*, 551 U.S. 338 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Cooper*, 437 F.3d at 332.

Our review of this record convinces us that the District Court considered the relevant facts and arguments as required by § 3553(a), and that the court knew it could deviate from the advisory Guidelines. The District Court considered, *inter alia*, Castillo-Sandoval's age upon entry into the United States, the nature and extent of his criminal history, the extent to which he had family in the United States, and his risk of recidivism. That court also considered whether the absence of a "fast track" program in the Eastern District of Pennsylvania warranted a downward modification, but rejected it because Sandoval-Castillo most likely would not have qualified for such a program because of the nature of his criminal history and because he had not waived his appellate rights. Finally, after hearing arguments pertaining to the appropriate sentence under 18 U.S.C. § 3553(a), the District Court imposed a sentence at the bottom of the Guideline range, concluding that a thirty month sentence is "the sentence which is sufficient, but not greater than necessary to comply with those sentencing factors."

Thus, the court's refusal to grant a downward variance was not due to a mistake of law about the court's authority to grant such an adjustment. Accordingly, we lack jurisdiction to review the district court's refusal to grant the requested downward variance. Therefore, we will affirm the district court's judgment of sentence.